O'Brien v. Yare.

ELLEN O'BRIEN, Respondent, v. S. YARE et al., Appellants.

**St. Louis Court of Appeals, April 23, 1901.**

1. **Unlawful Detainer:** COMPLAINT SWORN TO BY PARTY'S ATTORNEY: HIS AFFIDAVIT SUFFICIENT. The complaint is signed and sworn to by the attorney of the complainant, and this makes it sufficient, and the contention that the attorney should have sworn that he was the attorney, is without merit.

O'Brien v. Yare.

2. ——: PRESUMPTION IN FAVOR OF THE ATTORNEY. There is a strong legal presumption that all acts of an attorney in the progress of a suit are done by the direction of the party whom he assumes to represent. His license, and the fact that he assumes to act as the attorney of the party to a suit, is prima facie evidence of his authority to so act.

Appeal from the Phelps Circuit Court.—*Hon. Leigh 'B. Woodside,* Judge.

AFFIRMED.

### STATEMENT OF THE CASE.

Plaintiff commenced her suit before a justice of the peace in Miller township, Phelps county, by filing the following complaint:

"State of Missouri,

County of Phelps.

"Before R. E. Hutcheson, justice of the peace, Miller township.

Mrs. Ellen O'Brien, Complainant,

vs.

S. Yare and M. Langsam, under the firm name of Yare & Langsam, Defendants.

"Mrs. Ellen O'Brien, by her attorney, Robert Merriwether, complains to R. E. Hutcheson, justice of the peace within and for the county of Phelps, that on the fourth day of September, 1900, she had the legal right to the possession of the first story and ground floor of the brick business house, situated in block number fifty-seven of the county addition of the city of Rolla, in Phelps county, Missouri, known as the O'Brien building, and now occupied by S. Yare and M. Langsam under the firm name of Yare & Langsam, and that the said S. Yare and M. Langsam, willfully and without force hold the possession of

said premises, after the termination of the time for which they were demised and let to them, and after demand made in writing for the delivery of the possession thereof.

"The complainant further states that she has sustained damages, by reason of the unlawful detainer aforesaid, in the sum of fifty dollars, and that the value of the monthly rents and profits of said tenements is twenty-five dollars.

"Wherefore the complainant prays judgment of restitution, and for damages and value of the monthly rents and profits of the premises aforesaid.

"Robert Merriwether,

"Attorney for Mrs. Ellen O'Brien.

"Subscribed and sworn to before me this fourth day of September, 1900.

"R. E. Hutcheson,

"Justice of the Peace."

On the return day of the summons, defendants appeared before the justice and filed their motion for a change of the venue of the cause, on the ground that the inhabitants of Miller township were so prejudiced against them that they could not have a fair trial therein. The venue was awarded to John Hargis, a justice of the peace of Cold Spring township. From the latter justice the cause was removed to the circuit court on a writ of certiorari. In the circuit court, defendants moved to dismiss the suit: first, because the complaint is not sworn to; second, because the complaint is not verified as required by law; third, because the justice of the peace on the face of the complaint had no jurisdiction to issue process thereon. This motion was overruled; whereupon the defendant made no further appearance to the suit.

The court heard the evidence on the part of plaintiff, assessed her damages at $23.45, and the monthly rents and profits at $25 and awarded her judgment for possession. After

unsuccessful motion for new trial and in arrest, defendants appealed.

*Thomas M. & Cyrus H. Jones* for appellants.

(1) That the justice had no jurisdiction in this case to issue process thereon is apparent from the complaint filed. The complaint as drawn and signed by Mr. Merriwether was not sworn to or verified as required by law. Since unlawful detainer proceedings are purely statutory and must be strictly followed, it is therefore necessary where complaints in proceedings of this kind are verified by an agent or attorney, that the agent or attorney swearing must swear that he is agent or attorney, and it is not sufficient to describe himself by annexing to his name in the body of the affidavit the word "agent" or "attorney." Bangs v. McIntosh, 23 Barb. 601; People v. Sutherland, 81 N. Y. 7; People v. Fleming, 4 Denio. 143. (2) So, in an affidavit by a landlord's agent to procure a summons in summary proceedings, as in the case at bar, to recover possession of land, that the agent or attorney must swear in the affidavit that he is the agent or the attorney. Cunningham v. Golet, 4 Denio. 72; People v. Johnson, 1 T. & C. 579. In the case at bar Mr. Merriwether did not swear to or verify the complaint as required by law. Riley v. Powell, 34 Mo. App. 432.

*Farris, Norvell & Norvell* for respondent.

In the case of Wiltshire v. Triplett, 71 Mo. App. 332, cited by appellants, the Kansas City Court of Appeals, in passing upon an affidavit similar to the one in the case of Riley v. Powell, supra, held that the affidavit was not fatally defective, and following the cases of Tegler v. Mitchell, 46 Mo. App. 349,

O'Brien v. Yare.

and Dean v. Tract, 67 Mo. App. 517, held that it conferred sufficient jurisdiction to make it amendable in the trial court, and therefore was not void.   Bobbs v. Taylor, 25 Mo. App. 583.

BLAND, P. J.—The complaint is signed and sworn to by the attorney of the complaint.   The complaint, signature and jurat are in exact conformity to the form given in the back of volume 1, Revised Statutes 1899.   This is sufficient, since it affirmatively appears that the complaint was sworn to. The contention that Merriwether should have sworn that he was the attorney of Mrs. O'Brien is without merit.   As was said by this court in Ring v. The Chas. Vogel Paint & Glass Co., 46 Mo. App. 374, "There is a strong legal presumption that all acts of an attorney in the progress of a suit are done by the direction of the party whom he assumes to represent." His license as an attorney, and the fact that he assumes to act as the attorney of a party to a suit, is at the least, prima facie evidence of his authority to so act, and it has never been held that he must produce a power of attorney or prove by his affidavit that he is authorized to act for the party he assumes to represent.   Wright v. Cole, 52 Mass. 293.

Judgment affirmed.   All concur.