NATIONAL HANDLE COMPANY, Appellant, v. CARL HUFFMAN, Respondent.

**St. Louis Court of Appeals. Argued and Submitted April 21, 1909. Opinion filed June 22, 1909.**

1. INSTRUCTIONS: Conflicting with Pleadings and Evidence. Where a counterclaim counts on the breach of a contract between plaintiff and a copartnership, of which defendant was one member, the other member being dead, and the evidence introduced tended to prove such a partnership contract, an instruction which hypothesized that "an agreement existed between plaintiff and defendant" is erroneous, as being contrary to the evidence and the counterclaim.

2. SET-OFF: Counterclaims: Statute: Unliquidated Damages. Where the damages arising from the breach of a joint contract are unliquidated, they cannot be pleaded as a set-off, under section 4491, Revised Statutes 1899, to an action against one of the obligees. That section is applicable to set-offs only, and not to counterclaims, and does not include a claim for unliquidated damages.

3. PLEADING: Parties: Non-joinder, How Raised. An objection of non-joinder of parties may be raised only by demurrer or plea.

4. ACTION: Splitting: Suit on Joint Contract by One of the Obligees: Instructions. Where a counterclaim counts on the breach of a contract between plaintiff and a co-partnership, of which defendant was one member, the other member being dead, and defendant sues in his own right and not as surviving partner, an instruction to the effect that he is entitled to recover one-half, up to a certain amount and under certain circumstances, is erroneous, because its effect is to split up a cause of action.

5. INSTRUCTIONS: Conflicting with Each Other. In one instruction, the jury were told that defendant is entitled to recover only for one-half the damages, under certain circumstances; in

others, they were told that he is entitled to recover the whole amount. *Held*, that said instructions are conflicting and confusing, and hence erroneous.

6. **DAMAGES: Not Confined to Pleading and Proof: Instructions.** An instruction on the measure of damages, which authorizes the jury to award "any other damage you may find defendant sustained, which was directly caused by plaintiff's breach of said contract," is erroneous, because it does not confine the damages to those pleaded and proved as arising from the breach of the contract counted on.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley*, Judge.

REVERSED AND REMANDED.

*Faris & Oliver* for appellant.

The alleged counterclaim set up was a cause of action existing, if it all, in favor of both Huffman and Mitchell. It was not a liquidated claim. Only such claims, that is liquidated claims, can be set off against an action such as this; otherwise set-off would include counterclaim, which is not permitted in this State. Estate Co. v. Schmelzer & Sons Arms Co., 110 Mo. App. 406. For the reason, if for no other, which might be urged that deceased Mitchell who had concededly an undivided one-half interest in the alleged counterclaim, that no authority to represent him was shown by defendant Huffman, it is insisted that this counterclaim cannot be maintained. R. S. 1899, sec. 605. Plaintiff's cause of action was upon a negotiable promissory note. It was therefore both joint and several. Respondent's counterclaim was on an alleged breach of contract, existing between appellant on the one part and respondent and said C. L. Mitchell, deceased, on the other part. It was therefore joint only, and not the subject of counterclaim accruing to respondent Huffman alone, whatever may have been its virtue as a set-off against the note sued on, to the amount of the latter. Fulkerson v. Davenport, 70 Mo. 541; Weil v. Jones, 70 Mo. 560; Payne v. O'Shea, 84 Mo. 129; Nipper v. Jones,

27 Mo. App. 538. It is insisted that instruction No. 1, given for defendant is erroneous; that it does not correctly state the issues; that it is misleading and that it lugs into this case an issue not made by the pleadings, nor mentioned therein, and an issue upon which the court refused to permit testimony to be given. Waddingham v. Hulett, 92 Mo. 528; Ivie v. McMunigal, 66 Mo. App. 437; Bank v. Towson, 64 Mo. App. 97; Mining Co. v. Frankenstein, 179 Mo. 564; Hamilton v. Crowe, 175 Mo. 634; Ely v. Railroad, 77 Mo. 34. It is insisted that instruction No. 2, given for defendant, is erroneous. This instruction, it will be noted, requested that the jury may give the defendant any other damages they may find that he sustained, which were directly caused by plaintiff's breach of said contract. It is insisted that an instruction such as this is no instruction at all. Rhodes v. Land & Lumber Co., 105 Mo. App. 279; Morrison v. Yancey, 23 Mo. App. 670; Matney v. Grain Co., 19 Mo. App. 107; Haysler v. Owees, 61 Mo. 270; Flynt v. Railway, 38 Mo. App. 94.

*Ward & Collins,* for respondent, filed argument.

STATEMENT.—Plaintiff, a corporation, commenced suit in the circuit court of Pemiscot county, against defendant, on a note executed by defendant and one C. L. Mitchell, by which they promised to pay to plaintiff or order $511.66, eighteen months after date thereof, for value received, with eight per cent interest per annum from date, interest payable annually, and if not paid to be added to the principal. The note is dated August 1, 1904. Averring that the note is long since past due and unpaid, plaintiff prays judgment against Carl Huffman for the amount, with interest and costs.

The defendant, Huffman, answered, admitting the execution and delivery of the note, "denying specially and generally each and every other allegation in plain-

tiff's petition contained." "For a counterclaim or set-off thereto," defendant states that the note sued upon in the case was given by the defendant and one C. L. Mitchell as a part of the purchase price of a certain saw mill purchased from plaintiff by defendant and by said Mitchell, for the purpose of manufacturing ash squares for plaintiff in carrying out a certain written contract between defendant and said Mitchell on the one part and plaintiff on the other, entered into on the 25th of July, 1904. The contract is set out in full and is also attached as an exhibit; and it is averred that while defendant and Mitchell had performed on their part all the contract, plaintiff had wholly failed and refused to perform its part, it being set out in what particulars the failure occurred, and the defendant avers that by reason of the breaches of the contract made by plaintiff, he (defendant) is damaged in the sum of $7,000, for which and costs he asks judgment. As another defense, it is charged that the plaintiff is in an unlawful pool, trust, agreement or combination with other persons, or corporations, whose names are unknown to defendant, to regulate and fix the price of the articles manufactured by it, contrary to the statute of this State, and that therefore plaintiff cannot maintain the action, defendant claiming the benefit of the provisions of article 1, chapter 143, of the Revised Statutes of Missouri.

The reply was a general denial.

Plaintiff introduced the note in evidence and produced testimony to the effect that neither the note nor any part of it had been paid. An effort was made to show that the plaintiff was in a trust or combination, unlawful under the laws of this State. It may be said of that, however, in passing, that it entirely fails to sustain any such claim, and the trial court so instructed the jury. Defendant on his part thereupon introduced evidence as to the transactions with plaintiff under the contract. It was admitted that the

defendant, Carl Huffman, and C. L. Mitchell were equal partners in the contract and business of the firm of Huffman. & Mitchell. It was in evidence that some time before the institution of this suit, Mitchell died at his place of residence in the State of Arkansas. There was no evidence in the case as to the defendant Huffman having taken out any letters of administration on the estate, as surviving partner, nor was there any evidence in the case as to the laws of Arkansas governing the matter of administration on partnership estates. The note in suit is dated at Caruthersville, Mo. The sawmill of the plaintiff was located in the State of Arkansas. The ash squares contracted for were contracted to be inspected and graded by an inspector of the plaintiff at its saw mill, were to be loaded by defendant's firm in railroad cars and after being loaded on the cars were to become the property of plaintiff. It is not stated in the contract or evidence where it was entered into, but in the contract plaintiff Huffman and his partner, Mitchell, are designated as of the county of Mississippi, in the State of Arkansas, and the plaintiff as a corporation incorporated under the laws of the State of Ohio, and authorized to transact business in the States of Arkansas and Missouri.

At the close of the testimony in the case, plaintiff interposed a demurrer to the testimony of defendant and asked an instruction from the court, that the jury should find on the counterclaim in favor of plaintiff, for the reason that the testimony offered by defendant fails to prove any defense to plaintiff's cause of action. This was overruled and plaintiff excepted.

The plaintiff asked several instructions, of which those given by the court were to the effect that should their verdict be for plaintiff it should be the face of the note, together with interest at the rate of eight per cent from the first of August. Another instruction was that the burthen of proof to make out his case by a

preponderance or greater weight of evidence is upon defendant.

Among the refused instructions, asked by plaintiff, the court was asked to instruct the jury that they could not consider the counterclaim for damages filed by the defendant, Huffman, therein, except so far as the damages, if any, shown by the evidence touching the counterclaim may be a set-off to the note sued for by plaintiff. Another one asked and refused was to the effect that there is no evidence in the case showing any right or authority of the defendant Carl Huffman to institute and maintain any suit upon the counterclaim filed in this suit in favor of the firm of Huffman & Mitchell, and they should disregard all testimony upon defendant's counterclaim as to any damages upon it, the same being a matter of defense only to the note sued on.

At the instance of defendant the court gave instructions to the effect that if the jury found from the evidence that "the plaintiff and defendant made and entered into the contract read in evidence," that the defendant and one C. L. Mitchell purchased a sawmill and a large tract of timber for the purpose of carrying out their part of the contract and performed it on their part and plaintiff failed and refused to perform it on its part and refused to make the payments for the squares cut under the contract at the time provided, "and that the defendant was damaged thereby, then your finding should be for defendant for one-half the damages on his counterclaim in whatever sum you may find him to have been damaged in a sum not to exceed $7,000." By another instruction given at the instance of defendant the court told the jury that if they found for defendant on his counterclaim, in determining his damages the jury should allow him the difference, if any, between the contract price and the note; and the jury might also allow him the contract price for whatever amount of squares they may find he furnished plaintiff under the contract, and for which plaintiff

failed to account or give defendant credit, if any, "together with any other damages you may find defendant sustained which was directly caused by plaintiff's breach of said contract." Another instruction given by the court was to the effect that the defendant admits the execution of the note and the amount due thereon but claims that the amount due on the note is less than the amount due him by plaintiff as damages on account of the alleged breaches on the part of plaintiff of the contract read in evidence, and that if the jury so find from the evidence their verdict should be for defendant for one-half of the damages in whatever sum the jury may find the defendant has been damaged in excess of the amount due on the note sued upon. The court further instructed the jury at the instance of defendant that if they found for defendant upon its counterclaim, in arriving at their verdict they should first ascertain the amount due upon the note sued upon, then ascertain the amount of damages due defendant, and if the jury find the amount due the defendant is in excess of the amount due plaintiff, their verdict should be for defendant for the difference between said amounts, but if the jury find the amount due the defendant to be less than the amount due on the note, then their verdict will be for plaintiff for the difference. The court further instructed the jury, at the instance of the defendant, that if the jury found and believed from the evidence, "that the plaintiff committed a breach of the contract read in evidence and that the defendant and one C. L. Mitchell were damaged thereby, then the defendant is entitled to one-half of said amount of damages, if any, but should you find that defendant and one C. L. Mitchell were damaged by reason of plaintiff's alleged breach of said contract in a sum less than the amount of the notes sued upon, then defendant is entitled to the whole of said damages as a set-off or counterclaim against the amount of the note sued upon herein, and if the amount of damages to which defendant is entitled exceeds the

amount of the note and interest then defendant is entitled to a verdict for such excess."

The jury returned a verdict in this form: "We, the jury, find the issues for the defendant and do assess his damages at the sum of $675." Whereupon the court entered up judgment for that amount, together with costs in favor of defendant. After filing motions for new trial and in arrest, which were overruled and exceptions duly saved, and filing affidavit for appeal which was granted, bond being given, and tendering a bill of exceptions, which was duly signed and filed, the plaintiff has brought the case here on appeal.

REYNOLDS, P. J. (after stating the facts).— We are compelled to reverse this case. It is claimed that the defendant could set up his counterclaim, although his former partner is dead and was not represented in the case, and that he can do so by virtue of the laws of our State, which it is claimed are presumed to be the law in Arkansas, the contrary not appearing, as surviving partner. But defendant does not counterclaim as surviving partner, but in his own right. One or more of the instructions above noted submits the case to the jury on the distinct charge that before they can find for the defendant they must find "that an agreement existed between him and defendant." The only agreement in evidence is the one set out in the answer. That is not an agreement between plaintiff and defendant but between plaintiff on the one side and defendant and Mitchell on the other. That instruction is contrary to the evidence and to the answer itself. There is no allegation in the answer which in any way suggests that defendant is setting up a counterclaim as surviving partner; he purports to sue in his own right, and other of the instructions asked by him are directly opposed to this theory of a contract between him and plaintiff. Other instructions given at defendant's instance are founded on the theory that he is entitled to recover, not

all of the damages, but one-half thereof, and for damages sustained by him, not by his firm. That this action cannot fall under the rule of a set-off is very evident. To constitute a set-off the demand must be in the nature of a debt, and the term debt, is defined by most of the appellate courts of the country. Judge BROADDUS, in Scarritt Estate Co. v. Schmelzer Arms Co., 110 Mo. App. 406, l. c. 412, very clearly demonstrates that section 4491, Revised Statutes 1899, does not include a claim for unliquidated damages. Speaking for the court, Judge BROADDUS further holds that under the statute, a set-off cannot be a counterclaim or *vice versa,* and that the courts of this State have recognized the distinction between the two, and that section 4491 is applicable alone to set-offs and does not apply to counterclaims. Indeed, counsel on each side of the case at bar concede that defendant's demand, if available, is available as a counterclaim and not a set-off.

It is urged by the learned counsel for the plaintiff, in opposition to the right of defendant to recover, that there is a nonjoinder of parties. That defense is only available when raised either by plea or demurrer. It has been so decided in many cases.

The error in this case is in the instructions. At defendant's instance, the jury were instructed that he was entitled to recover one-half, up to a certain amount and under certain circumstances. This was, in effect, splitting up the cause of action. Defendant does not pretend to sue as surviving partner and so as representative of his firm. A judgment rendered here could not be plead by plaintiff against the representatives of the surviving partner. Allowing the defendant to recover one-half as his share and leaving the representatives of the deceased partner to recover the other, exposes plaintiff to an action by the representatives of that deceased partner or even by defendant as surviving partner administering the partnership effects. Moreover, defendant's instructions are conflicting and confusing. In

one the jury are told defendant can recover only for one-half—in others, that he can recover the full amount under certain circumstances. These are bound to confuse the jury. With such instructions and on the verdict, it is impossible for us to determine on which theory the jury acted. Another erroneous instruction is that relating to the measure of damages. The jury were told, after being specifically directed as to damages in evidence, that they might also award him "any other damage you may find defendant sustained which was directly caused by plaintiff's breach of said contract." This was error. The damages must be confined to the damages plead and proven by the evidence as arising from the breach—not any damages the jury may find outside of those plead and in evidence.

As the case will have to be retried, we do not care to comment upon the evidence nor on the instructions any further than we have here done. We cannot possibly anticipate what testimony will be in the case if again tried. The judgment of the circuit court is reversed and the cause remanded. All concur.