## C. E. RUTH, Appellant, v. JOHN R. McPHERSON, Respondent.

St. Louis Court of Appeals.    Argued and Submitted on Motion for Rehearing October 1, 1910.    Opinion Filed October 24, 1910.

1. **APPELLATE PRACTICE: Affidavit for Appeal: Sufficiency.** An affidavit for appeal, made by an attorney on behalf of plaintiff, is sufficient against the objection that it does not recite that affiant made the affidavit as agent or attorney for plaintiff, where affiant was an attorney of record for plaintiff.

2. **VERDICTS: Inconsistent Finding: Physicians and Surgeons: Verdict on Claim and Counterclaim.** In an action by a physician for services, where the defendant in his answer alleged the services were negligently performed and were worthless,

and by way of counterclaim alleged malpractice on the part of the physician and asked an award of damages therefor, a verdict for plaintiff for the services and for defendant on the counterclaim is inconsistent with itself on the issues and cannot stand, inasmuch as the counterclaim was founded upon the same matters pleaded as a defense to the account for services.

3. **PHYSICIANS AND SURGEONS: Implied Contract.** There is no implied contract that a physician or surgeon employed to treat a patient will effect a cure.

4. **PLEADING: Physicians and Surgeons: Malpractice: Action on Special Contract: Necessity of Proving.** In a suit to recover for medical services, defendant cannot recover on his counterclaim for malpractice, based on a special contract with plaintiff that he was to cure defendant, in the absence of any proof of such special contract.

5. ————: **Counterclaim: Subjects of.** Under section 1807, Revised Statutes 1909, defendant may assert by way of counterclaim every right to which he may be entitled against plaintiff, arising out of the subject of the action, whether such rights sound in tort or in contract.

6. **APPELLATE PRACTICE: Judgment for Plaintiff on Claim and for Defendant on Counterclaim: Entire Judgment: Effect of Reversing Judgment on Counterclaim.** In a suit to recover for medical services, where defendant in his answer alleged malpractice on the part of the physician, rendering the services worthless, plaintiff recovered a judgment for $225. On his counterclaim, based on the alleged malpractice of the physician, defendant received a judgment for $725, thereby giving defendant a judgment for $500. Plaintiff appealed. *Held*, there was but one judgment, which was for defendant, and in reversing such judgment, because of the inconsistency of the verdict in finding for both parties on their claim and counterclaim respectively, and for lack of evidence to sustain the special contract pleaded in the counterclaim, plaintiff's judgment will not be sustained separately, although defendant did not appeal from it.

Appeal from Scotland Circuit Court.—*Hon. C. D. Stewart,* Judge.


REVERSED AND REMANDED.

*Doran & Watkins* and *T. L. & L. J. Montgomery* for appellant.

(1) The plaintiff's refused instruction No. 1, in the nature of a demurrer to all the evidence, should have been given. Christy v. Hughes, 24 Mo. App. 275; Stillson v. Railroad, 67 Mo. 671; Sanderson v. Holland, 39 Mo. App. 239; Cooley on Torts, pp. 683, 684; Russell v. Columbia, 74 Mo. 494; Wilmott v. Howard, 39 Ver. 447; Santer v. Railroad, 66 N. Y. 50; Railroad v. Buck, 96 Ind. 351; West v. Martin, 31 Mo. 375; Hyrne v. Erwin, 55 Am. Rep. 15; Lawson v. Conoway (W. Va.), 38 Am. St. Rep. 17; Ries v. Transit Co., 179 Mo. 1. (2) Instruction No. 2 asked and refused on part of plaintiff should have been given. The defendant's counterclaim is based upon a special contract to cure defendant and no evidence was offered to support the counterclaim. He cannot sue on one cause of action and recover on another. Patterson's Mo. Code Pleading, sec. 76; Field v. Railroad, 76 Mo. 614; Bank v. Payne, 31 Mo. App. 512; Steinberg v. Ins. Co., 39 Mo. App. 255; Mfg. Co. v. School Dist., 54 Mo. App. 371; Chitty v. Railroad, 148 Mo. 64. (3) The jury prepared two verdicts, signed and returned one. The one returned is contrary to law, because if the plaintiff was guilty of malpractice he was not entitled to recover, and if not guilty he should recover and defendant should not. There is no middle ground. Logan v. Field, 75 Mo. App. 594; Abbott v. Mayfield, 8 Kan. App. 387; Patters v. Wiggin, 51 Me. 594; Hesse v. Knippel, 1 Mich. N. P. 109; Bellsiyer v. Graigue, 31 Barb. (N. Y.) 534.

*Smoot & Smoot, N. M. Pettingill* and *J. M. Jayne* for respondent.

(1) There is nothing in the affidavit for appeal showing that affiant had any authority to make it; it

does not state that he is agent of the appellant, and there is nothing to show that he had any authority, whatever, to make the affidavit.    Greenwood v. Parlin & Orendorff, 98 Mo. App. 407; Thomas v. Fire Ins. Co., 89 Mo. App. 12; Schnabel v. Thomas, 92 Mo. App. 180; Iron Works Co. v. Lead and Zinc Co., 126 Mo. App. 238.    (2)    There is no allegation in defendant's counterclaim based upon a special contract that plaintiff agreed to cure defendant.    (3)    The verdict of the jury is in accordance with the law, as it was the duty of the jury to find on defendant's account, and also its duty to find on defendant's counterclaim.    Winkelman v. Maddox, 119 Mo. App. 658.

STATEMENT.—This is an action by plaintiff, a physician and surgeon.    It is alleged in the petition that during the month of June, 1905, at the instance and request of defendant, plaintiff performed professional services for the defendant to the amount of $225, as set out in an itemized account attached, the services consisting of an operation on defendant for appendicitis and two trips by plaintiff to Memphis, this state, from Keokuk, Iowa, to visit defendant, in consultation with his local physicians concerning defendant's case.    It is alleged in the petition that the services were rendered at the times stated in the account and were of the reasonable value therein charged and that no part of the account had been paid, plaintiff demanding judgment for the amount, $225, and interest from the date of the alleged demand, July 1, 1905, and for costs.

The answer admits that plaintiff was a regular practicing physician and surgeon, as stated in his petition, denies that defendant is indebted to plaintiff, avers that the professional services mentioned in the petition were rendered in a careless, negligent and unskillful manner; that they were of no value to the

defendant but of great damage to him; that the account sued on is for performing a surgical operation by plaintiff upon defendant for appendicitis; that plaintiff in performing the same upon defendant, cut open the body of defendant and negligently, carelessly and unskillfully left a quantity of cloth or gauze in the body of defendant which caused defendant great and continued pain and suffering, so that the defendant is not indebted to plaintiff in any sum whatever but that on the contrary the plaintiff is greatly indebted to the defendant. By way of further answer and for a counterclaim, it is averred that on or about the 18th of June, 1905, defendant employed plaintiff, ''as a physician and surgeon to heal and cure defendant of a certain disease and malady, to-wit, appendicitis, from which he then suffered, for a reasonable compensation to be paid therefor, and for that purpose the plaintiff undertook as a physician and surgeon to attend and to cure and heal the defendant.'' The defendant then states that plaintiff entered upon the employment and on the 19th of June, 1905, performed the surgical operation upon defendant, cutting into his body and about his appendix, making a large opening with a knife on his right side, exploring his vital and internal organs and that it is for such services that plaintiff is seeking to recover in this action, but defendant avers that the plaintiff did not use due and proper care in so doing, and especially in closing the opening so made, but so negligently and unskillfully conducted himself in closing the wounds that he negligently left in the cavity in defendant's body and carelessly enclosed therein and in the wound so made as aforesaid, a large quantity of cloth and gauze, and negligently sewed, stitched and enclosed the same in defendant's body and without ordinary care and caution heedlessly and negligently suffered, permitted and

caused the cloth and gauze to remain in his body and in and about the wound from the 19th of June, 1905, until the 14th of August of the same year, on which latter date it was accidentally discovered by defendant's local physician and by him then removed, so that the wounds during the fifty-five days intervening could not and would not heal and the cloth and gauze caused pus to continually form and run from the incision and by reason of the cloth and gauze being left in his wounds and in his body, defendant was injured and broken in his health, suffered great pain, apprehension and anxiety, was weakened in his body, permanently injured and ruptured and confined to his bed fifty days longer than he otherwise would have been; that by reason of the aforesaid negligence and unskillfulness of plaintiff, defendant's sickness was greatly increased, prolonged and he was thereby obliged to expend two hundred and fifty dollars additional for medical care and nursing and kept from his work for fifty days, which was of the reasonable value of five dollars per day; that the leaving of the cloth or gauze in his body and its presence there until August 13, 1905, when it was removed, was unknown to him or to any one except plaintiff.  Defendant claims two thousand dollars damages on the counterclaim.  A specific denial of certain of these averments was interposed by way of reply, also averring affirmatively that the treatment of defendant by plaintiff had been proper and according to the usual and most approved methods of medicine and surgery and in every particular properly performed and defendant properly treated by plaintiff.  A general denial is also interposed to all the averments of the counterclaim not specifically covered.

At the conclusion of the trial which was before the court and a jury, the jury returned a verdict for plaintiff in the sum of $225 upon the account in favor of plaintiff, and in favor of the defendant for the

sum of $725 on the defendant's counterclaim, the verdict concluding with a finding for defendant in the sum of five hundred dollars. The only judgment was one in favor of defendant against plaintiff for $500. Motions for new trial and in arrest were filed in due time, overruled, exceptions saved, an affidavit for appeal filed, and appeal perfected to this court.

REYNOLDS, P. J. (after stating the facts).—We are met at the outset by an attack upon the affidavit. It is made by one of the attorneys for plaintiff, it being stated in the affidavit that the attorney named, being duly sworn, prays the court to grant the plaintiff an appeal to the St. Louis Court of Appeals and that the appeal is not made for vexation or delay but because the affiant believes that the appellant (plaintiff) is aggrieved by the judgment of the court in the cause. This is subscribed and sworn to by the attorney. It is objected to this affidavit that it is not set out in the body of it that the affiant makes the affidavit as agent or attorney for plaintiff. There is nothing in this proposition. The attorney who made the affidavit was one of the attorneys of record in the cause, as appears by the record.

In O'Brien v. Yare, 88 Mo. App. 489, l. c. 493, Judge BLAND, speaking for this court and quoting from Ring v. The Chas. Vogel Paint & Glass Co., 46 Mo. App. 374, says there is a strong legal presumption that all acts of an attorney in the progress of a suit are done by the direction of the party whom he presumes to represent, citing Wright v. Cole, 52 Mass. 293.

In Gilkeson v. Knight, 71 Mo. 403, Judge NORTON, speaking for the Supreme Court, says that the affidavit for an attachment was good when it appeared that it had been made by the same person who signed the petition as plaintiff's attorney, although not stated on

the face of the affidavit that it was made by the attorney for his client, either as attorney or agent.

In Melcher v. Scruggs, 72 Mo. 406, l. c. 413, it is held that where the affidavit for the appeal was signed by a party by whose deposition, read in the case, it appeared that he was the business manager of the appellant, the affidavit was sufficient. So much for the motion to dismiss the appeal.

The verdict in this case cannot possibly stand in so far as relates to the counterclaim and in finding for the defendant, after deduction from the total amount awarded under the counterclaim the amount allowed plaintiff on his account in suit. The jury by their verdict in favor of plaintiff on his account must have found that the facts set out by plaintiff in that account as to the rendition of the services and their value and that they had been rendered at the instance of the defendant, were correct. To so find the jury must have concluded that the defense which the defendant interposed to that account, namely, unskillfulness in rendering them, was not sustained. That is, the jury by their verdict of $225 upon the account in favor of plaintiff necessarily found against the defendant on all of his averments as against that account. Having so found, to then turn round and find a verdict in favor of the defendant on his counterclaim, which counterclaim, to all intents and purposes, was founded upon the identical defenses set up to the account, is utterly irreconcilable with the verdict in favor of the plaintiff on that account. Hence, as being inconsistent with itself on the issues, the verdict, as a whole, cannot stand.

We have read the testimony in this case with care and have concluded that the instruction which the plaintiff asked at the conclusion of the case, to the effect that the defendant cannot recover on his counterclaim set up in his answer and that the verdict should

be for the plaintiff and against the defendant on his counterclaim, should have been given.

The counterclaim is specifically based on a special contract, and there is not an iota of testimony to prove any special contract. We have set out the substance of the counterclaim and it will be seen by it that it specifically counts on a contract of plaintiff with defendant whereby plaintiff "undertook as a physician and surgeon to attend and to cure and heal the defendant." It is not within the implied contract of a surgeon employed to operate or of a physician to attend on a patient, that he will heal and effect a cure. Any such contract must be an express one; it is not implied by the mere employment. Not a particle of evidence sustains the averment of a special contract of any character, much less of a contract to heal and cure. It is very clear that the defendant, to recover under his counterclaim, must prove a special contract and he has not done this.

In the very elaborate and able brief filed by counsel for respondent in support of their motion for rehearing, under which motion the present opinion is filed, we are referred to the case of Whitesell v. Hill, 37 L. R. A. 830; also reported in 70 N. W. 750 and 101 Iowa 629, which it is claimed is in point. In that case it is held by the court that in an action against a physician for malpractice, he may set up as a counterclaim the value of his services, and the fact that he has been guilty of negligence will not prove that his services were of no value. But that is not this case. Here the counterclaim on which defendant recovered is alleged to have been a contract to heal and cure. To use skill, etc., is all that is implied in the mere employment of a physician or surgeon. We have not overlooked the language of the counterclaim, as suggested by counsel, but have quoted it substantially as pleaded. The counterclaim did not rest upon the statement that defendant had employed "the plaintiff as a

physician and surgeon to heal and cure defendant of a certain disease and malady, to-wit, appendicitis." If that had been all, it might have sustained the contention of learned counsel, for it could be treated as a mere averment of the object in the mind of the defendant in employing plaintiff. The counterclaim goes further and avers that "for that purpose the plaintiff undertook as a physician and surgeon to attend and to cure and heal the defendant." This surely is a specific averment of a contract on the part of the plaintiff, not merely to attend as a surgeon and physician, but to attend "and to cure and heal the defendant." It is the breach of this contract that is alleged as a basis of the counterclaim. We do not think that the case of Vanhooser v. Berghoff, 90 Mo. 487, 3 S. W. 72, to which we are referred, fits the facts in this case. As far as it goes, it is against the contention of respondent's counsel. Judge RAY in his opinion as quoted by counsel, and as appears in the report, distinctly says that under the law, the contract of the physician is not one of warranty that a cure will be effected but only that he possesses and will use reasonable skill, judgment and diligence, such as is ordinarily possessed and employed by members of the same profession, and that while this is true, it is competent for the surgeon to make a contract expressly binding himself to cure. It was averred in the Vanhooser case, that the defendant undertook to reduce and set the bone and to attend, cure and heal the same, and it is then averred that he promised carefully and skillfully to perform such service, but that he had carelessly and negligently and unskillfully failed to set the bone, etc. Judge RAY says that taken altogether, he does not think the petition sets out an express promise to cure but only such an undertaking as the law implies, which is to employ in this behalf reasonable skill and diligence. In other words, in the Vanhooser case, it is held that the averment of a con-

tract to cure and heal was modified by the averments following, which limited it to a promise to carefully and skillfully perform the service. Considering the averments of the counterclaim in the case before us and on which the defendant recovered damages, and in which counterclaim the averment of the contract to heal and cure is distinctly contained, we hold this to be an averment which could only be sustained by proof of an express contract, a contract outside of the implied contract under which a surgeon is employed, and that it is an averment in no manner qualified by any subsequent words in the counterclaim, and it is upon the counterclaim that the recovery was had.

Referring to the point made, that the counterclaim sets up a tort and that tort cannot be the subject of a counterclaim in an action on contract, it is sufficient to say that it is settled that under our statute (R. S. 1909, sec 1807, *et alia*), the defendant may, by way of counterclaim, assert every right to which he may be entitled as against. plaintiff, arising out of, or connected with, the subject of the action. This is so, whether the counterclaim sounds in contract or tort. See among other cases Ritchie v. Hayward, 71 Mo. 560; Small v. Speece, 131 Mo. App. 513, 110 S. W. 7; National Handle Co. v. Huffman, 140 Mo. App. 634, l. c. 642, 120 S. W. 690. In view of this right, the defendant, if so advised, may amend his pleading by omitting the averment of a special contract and declare as in tort.

It is suggested in opposition to the motion for rehearing, as it was when the case was originally argued and submitted, that as there is no appeal by the defendant from that much of the verdict which finds for plaintiff, that much of it should be permitted to stand and the judgment in the cause reversed only as to that part of the verdict which relates to the counterclaim. We were at first inclined to take this view of the case but on reconsideration have concluded that as

there is but the one judgment, and that in favor of defendant, and that judgment is an entirety, we will not here enter up judgment on that part of the verdict which is in favor of plaintiff. In the light of the verdict that would not be fair to the defendant. Accordingly, the whole verdict is set aside, the judgment reversed and the cause remanded. *Nortoni, J.,* and *Caulfield, J.,* concur.