JAMES MOORE, Respondent, v. UNITED RAIL-
WAYS COMPANY OF ST. LOUIS et al.,
Appellants.

St. Louis Court of Appeals, November 3, 1914.

1. **TRIAL PRACTICE: Demurrer to Evidence: Rules of Decision.**
In determining whether or not a verdict should be directed for
defendant, plaintiff's evidence should be viewed in the light
most favorable to him.

2. **STREET RAILWAYS: Injury to Pedestrian: Last Chance
Doctrine: Sufficiency of Evidence.** In an action for the death
of a pedestrian, struck by a street car, evidence that, when
decedent was on the track, the car was ninety feet from her
and that it could have been stopped, if traveling at the rate
of fifteen miles an hour, as one witness said it was, in sixty
or sixty-five feet, was sufficient to warrant a finding that the
motorman could have averted the injury after he should have
discovered the peril of decedent, especially in view of the fact
that he could have seen her approaching the track and that
a mere slackening of the car would have avoided the injury,
as decedent, when struck, was beyond the center of the track
and was in the act of springing therefrom.

3. ———: ———: ———: ———. Where a motorman could
have seen a group of people begin to pass over the track, one
after the other, when the car was three hundred feet from
them, the fact that he did not check the speed of the car,
which was traveling at a high rate of speed, until after it had
struck two of them indicates, either that he was not keeping
any watch, or that he did not make any effort to stop or check
the speed of the car upon the first appearance of danger, mak-
ing the question of whether the street railway company was
guilty of negligence one for the jury.

4. **PLEADING: Counting on Several Different Theories.** It is
proper to count on two or more theories of the same cause of
action in different counts of the petition.

5. **VERDICTS: Different Counts of Petition: Same Cause of
Action: Consistency.** Where a petition counts on two theories
of the same cause of action in different counts, a verdict for
plaintiff on one count and for defendant on the other is un-
objectionable; so that, in an action against a street railway
company for the death of a pedestrian, struck by a street car,
where one count of the petition charged that defendant was

guilty of negligence at common law, under the last chance doctrine, and another count charged that defendant violated the Vigilant Watch Ordinance of the city of St. Louis, a verdict for plaintiff on the second count and for defendant on the first count was not contradictory and self-destructive.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

AFFIRMED.

*Boyle & Priest, W. Blodgett Priest, T. E. Francis* and *Chauncey H. Clarke* for appellants.

(1) The court erred in submitting the case to the jury on the theory that the motorman violated the provisions of the "Vigilant Watch Ordinance," inasmuch as the evidence discloses that the car could not have been stopped in time to avert the injury, after the motorman could have observed decedent approaching the track. Roenfeldt v. Railroad, 180 Mo. 554; Boyd v. Railroad, 105 Mo. 371; Ries v. Transit Co., 179 Mo. 1; Dey v. Railroad, 140 Mo. App. 461; Fellenz v. Transit Co., 106 Mo. App. 154. (2) The verdict is insufficient to support the judgment, for the reason it contains a finding in favor of defendants upon the first count of the petition, which is repugnant to the finding it contains in favor of plaintiff upon the second count, in that the assigment of negligence in both counts are identical and require the same evidence to support them. Johnson v. Labarge, 46 Mo. App. 433; Ruth v. McPherson, 150 Mo. App. 694; Hall v. Spivey, 65 Ga. 693; Lathrop v. Spivey, 136 N. W. 88. (3) The case having been submitted to the jury on the theory that the car was not stopped in time to avert injury to decedent, when it could have been, the finding for plaintiff under the second count of the petition, averring that the car was not stopped in time to avert the injury, when it could have been,

was negatived by the finding for defendant under the first count, the necessary predicate of which was, that the car could not have been stopped in time to avert the injury. Johnson v. Labarge, 46 Mo. App. 433; Ruth v. McPherson, 150 Mo. App. 694; Hall v. Spivey, 65 Ga. 693; Lathrop v. Spivey, 136 N. W. 88. The "vigilant watch ordinance" is merely declaratory of the duty imposed by the "last chance doctrine." Sluder v. Transit Co., 189 Mo. 137; Mertens v. Transit Co., 122 Mo. App. 304; Gebhardt v. Transit Co., 97 Mo. App. 373; Kaiser v. Railroad, 155 Mo. App. 428.

*Nathan Frank* and *Richard A. Jones* for respondent.

(1) It was the duty of the motorman in charge of the car which killed respondent's wife to keep a vigilant watch for all persons either on the track or moving toward the track over which such car was about to be operated, and on the first appearance of danger to such persons to stop his car in the shortest time and space possible. (2) Appellant's contention that because one of the acts of negligence stated in the first count of respondent's petition is the same in effect as that stated in the second count, so a finding in favor of respondent on one count and against him on the other, is to be taken as inconsistent, is not well founded and is against the rule announced by the decisions in this State. (a) That a litigant may plead the same cause of action in different counts of the same petition is of course the established practice. Rinard v. Railroad, 164 Mo. 270. (b) In such case a verdict on one of the counts will impliedly constitute a bar to further action on the other counts. Mosely v. Railroad, 132 Mo. App. 642. (c) And a verdict in favor of plaintiff on one of the counts or a verdict upon one count for plaintiff and for the defendant on

the other, or a general verdict in favor of plaintiff is proper. Lancaster v. Life Ins. Co., 92 Mo. 460. (d) The jury found its verdict on one count in favor of plaintiff which constituted a bar to further proceeding on the other count. That they then, under the instruction of the court, found such as the fact, entered their finding to such end on the remaining count, does not show any inconsistency or repugnancy in the finding of the jury, concluding as it did, what the law would have added to such verdict if no finding had been made. Much less can any contention of repugnancy be urged where as here the court instructed the jury that they should only find on one count for the plaintiff and that having performed their function in such regard it was their duty to find for the defendant on the other. Pardee v. Aldridge, 189 S. W. 429.

ALLEN, J.—This is an action prosecuted by plaintiff for damages for the death of his wife, alleged to have been occasioned by the negligence of the defendants. There was a verdict and judgment below for plaintiff and the defendants prosecute the appeal.

As tried below, a very important issue related to the relation existing between these two appellants, to-wit, the United Railways Company and the St. Louis Transit Company; respondent charging a joint operation of the street railway involved, and consequent joint liability for the casualty upon which plaintiff's cause of action is based. This matter, though occupying much of the record before us, is no longer a live question, as appellants concede. [See Barrie v. United Railways Co., 138 Mo. App. 556, 119 S. W. 1020; Johnson v. United Railways Company, 247 Mo. 326, 152 S. W. 362.] And inasmuch as the adjudications to which we have just referred cast liability upon the appellant United Railways Company, if liability there be in this case, we shall hereafter refer to that

company as the defendant, or appellant, and treat the case as though that company alone were involved.

On August 10, 1904, plaintiff's wife, while attempting to cross defendant's street railway tracks in the city of St. Louis, at a point adjacent to and south of the grounds of the Louisiana Purchase Exposition, then located in said city, was struck by one of defendant's cars and instantly killed. Upon the day in question plaintiff and his wife were passengers upon one of defendant's westbound cars, upon what was known as the Market street line, and alighted therefrom at the point above mentioned. At this place defendant maintained double tracks for the operation of cars east and west. There was a platform immediately north of the westbound track and between the latter and a nearby fence enclosing the exposition grounds above mentioned, and a plank walk extended to the south across the car tracks. It is said that, by reason of the fence immediately north thereof, the only means of egress from said platform was across the defendant's tracks to the south. Upon the occasion in question, it appears that plaintiff and his wife, together with nine other persons, alighted upon the platform above mentioned, and proceeded, with their luggage, in single file, across the tracks to the south, being led, it is said, by a "runner" for a hotel located south of such tracks. Of these eleven persons it appears that eight, including plaintiff, crossed the tracks in safety, but that plaintiff's wife, and also his sister, when upon the eastbound track, were struck by an eastbound car, whereby both were killed.

Plaintiff testified that he was in front of his wife, and that, just after crossing the eastbound track, he saw the car approaching, and turned and looked towards his wife who was then "springing" to get off the track and avoid being struck by the car. Plaintiff was unable to say with any precision how far away the car was when he thus saw it, but stated that it

"was fifty or sixty feet or more" distant, and that "it might have been one hundred feet." Plaintiff's testimony is to the effect that the car, in his judgment, was going about twenty miles an hour; though it may have been anywhere from fifteen to twenty-five miles.

It appears that plaintiff's wife, when struck by the car, was beyond, or south, of the center of the eastbound track, and that her body was thrown some distance south of the track and east of the point of collision.

·A witness who was seated in the front seat of the car which struck plaintiff's wife, and immediately behind the motorman, stated that he saw this group of people starting to cross the track when the car was three hundred feet away, and that "they kept following gradually, one by one;" that he saw plaintiff's wife on the track when the car was about a car length and a half away, and which he judged to be about sixty or seventy feet. There was testimony, however, that these cars were sixty feet in length. He testified that the car, in his opinion, was running from seventeen to about twenty miles an hour and that its speed was not checked at all until after it struck plaintiff's wife.

An expert testifying for plaintiff stated that a car of the character in question, under like circumstances and conditions, going at the rate of twenty miles per hour, could have readily been stopped in about ninety or one hundred feet, and that an "emergency stop" could have been made in about seventy or eighty feet; and that if going at the rate of fifteen miles per hour, an emergency stop could have been made in sixty or sixty-five feet.

The foregoing is, in substance, the testimony on behalf of plaintiff respecting the manner in which plaintiff's wife came to her death. The defendant offered no testimony, but stood upon its demurrer to the evidence adduced by plaintiff.

The petition contains two counts, the first being based upon common law negligence and proceeding upon the so-called humanitarian doctrine, and the second based upon what is known as the Vigilant Watch Ordinance of the city of St. Louis, which was put in evidence. The cause was sent to the jury alone upon the negligence charged in the second count. There was a verdict for plaintiff for five thousand dollars upon the second count, and a finding for defendants on the first count.

The action of the trial court in overruling the demurrer to the evidence is assigned as error. But we think that there is no merit whatsoever in this assignment. It is based upon the theory that the evidence fails to show that the motorman in charge of the car which struck and killed plaintiff's wife could have stopped the same in time to avoid the injury after he discovered, or by the exercise of ordinary care could have discovered, her peril. But plaintiff's evidence, viewed in the light most favorable to him, was sufficient from which the jury might find that the car could have been stopped after the motorman could and should have seen plaintiff's wife approaching the track and about to attempt to pass over the same. The witness in the front of the car saw the deceased when she *was on the track,* and said that the car was then a car length and a half from her, and was going between seventeen and twenty miles per hour. It is said that the cars then being operated on these tracks were about sixty feet in length. Whether this be true we know not, but defendant offered nothing to contradict it. In view of this testimony, and the fact that plaintiff's wife had crossed over the intervening space between the two tracks before she came upon the eastbound track, and considering the testimony of the expert as to the distance within which the car could have been stopped, it is clear that the evidence was such as to warrant the jury in find-

ing that the motorman, by the exercise of ordinary care, could have averted the injury after the time when he should have discovered the peril of deceased. A jury might well find that the car could have been stopped; and it appears that a mere slackening of the speed of the car would have avoided the injury, since the deceased, when struck, was beyond the center of the track, and, it is said, was springing therefrom. [See Maginnis v. Railroad, 182 Mo. App. 694, 165 S. W. 849, and cases cited.]

But aside from all this, the witness seated in the front of the car testified that he saw this group of people begin to pass over the track when the car was three hundred feet away—it being before sunset on a clear bright day—and though they continued to pass, one after the other, the motorman did not slacken the speed of the car in the slightest degree until after striking two of them upon the crossing. What the witness saw from the front of the car the motorman might also have seen; and the latter must be held to have seen what he could have seen had he been keeping a vigilant watch. That he made no effort whatsoever to check the speed of the car indicates quite clearly that he either was not keeping any watch at all, or that he made no effort whatsoever to stop or check the speed of his car upon the first appearance of danger to the persons then proceeding to cross the track. For one in charge of a car to propel it at a high rate of speed over a crossing under such circumstances, leaves no room for the contention that no negligence was shown entitling plaintiff to go to the jury.

It is further assigned as error that a verdict for plaintiff upon the second count, and a finding for defendant upon the first count, were "inconsistent, contradictory and self destructive." This assignment of error is predicated upon the rulings in such cases as Johnson v. Labarge, 46 Mo. App. 433, and Ruth

v. McPherson, 150 Mo. App. 694, 131 S. W. 474; but it is quite apparent that they have here no application. Plaintiff's petition, in effect, pleaded the same cause of action in different counts (Kaiser v. Railways Co:, 155 Mo. App. 428, 135 S. W. 90); which is proper under our practice (Rinard v. Railway Co., 164 Mo. l. c. 284, 64 S. W. 124); and hence a verdict for plaintiff upon one count, and for defendant on the other, is unobjectionable. [See Lancaster v. Insurance Co., 92 Mo. 460, 5 S. W. 23.] No contradiction or inconsistency inheres in the verdict, which was returned in this form at the court's direction.

The judgment is affirmed. *Reynolds, P. J.,* and *Nortoni, J.,* concur.