## BEARD v. ADAMS.

Assumpsit by the assignee against the maker of a promissory note governed by the law-merchant. Plea, that the plaintiff had previously sued the indorsers and obtained judgment against one of them, the process not having been served on the other; that the now defendant had entered himself bail for the stay of execution on said judgment; and that the bail was sufficient. *Held*, that the plea was bad.

Where there are two issues, one in law and the other in fact, the plaintiff cannot have final judgment until both issues are found in his favour.

ERROR to the *Vigo* Circuit Court.

BLACKFORD, J.—An action of assumpsit was brought in *September*, 1842, by *Adams*, as assignee of a promissory note,

Nov. Term, against *Beard* the maker. The note was payable to *James*
1847.     *Grover* and *James W. Borden* at the branch at *Terre-Haute*

BEARD     of the State Bank of *Indiana*, and was assigned by them to
v.        the plaintiff. Pleas, 1. Non assumpsit without oath; 2. That
ADAMS.    the plaintiff had previously sued the indorsers of the note,
and, at the *May* term, 1842, had obtained judgment against
one of them, the process not having been served on the other;
that the now defendant had entered himself bail for the stay
of execution on said judgment; and that the bail was suffi-
cient. General demurrer to the special plea, and the de-
murrer sustained. Judgment for the plaintiff.

We think the special plea is bad. The assignee's right to sue
the maker of a promissory note like the present, which is go-
verned by the law-merchant, is not taken away by a judgment
recovered against the indorser, until that judgment is satisfied.
Byles on Bills, 223. The entry of the bail was only a security
for the judgment and not a satisfaction of it. The circumstance
that the now defendant is the bail, and that, when the stay
has expired, execution may issue against him on the recog-
nizance, makes no difference. He entered into the recogni-
zance voluntarily for the accommodation of the indorser, and
could not, by such act, avoid his previous responsibility to the
plaintiff on the note. The demurrer to the special plea was,
therefore, correctly sustained.

The record concludes as follows: "It is therefore considered
by the Court that the plea of the defendant is insufficient in
law to bar and preclude the plaintiff's recovery, and the de-
murrer thereto is sustained. It is therefore considered that
the plaintiff recover of the defendant the sum of 335 dollars
and 84 cents in damages, and his costs," &c.

The plaintiff in error contends that the Court should not,
on sustaining the demurrer to the special plea, have rendered
final judgment for the plaintiff below, and we think he is
right. The general issue was pleaded, and there was there-
fore an issue of fact to be tried either by the Court with the
consent of the parties, or by a jury; and until that issue was
found for the plaintiff below, he could not have final judg-
ment.

The circumstance that the defendant could not, under the
issue of fact, have disputed the execution of the note or of the

assignment, is not material. The plaintiff might have been defeated on other grounds.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*C. W. Barbour*, for the plaintiff.

*W. D. Griswold* and *J. P. Usher*, for the defendant.