<div style="margin-left:auto; text-align:right;">
Nov. Term,
1854.

BARRET
v.
THOMPSON.
</div>

---

## BARRET *v.* THOMPSON.

A levy on personal property of sufficient value is presumed to be a satisfaction of the judgment until the property is disposed of.

Where there are material issues of law and fact, the plaintiff can not have final judgment till the issues of fact, as well as of law, have been found in his favor.

ERROR to the *Delaware* Circuit Court.

DAVISON, J.—*Scire facias* by *Thompson* against *Barret*, to have execution from the Circuit Court against real estate on a justice's transcript. The writ alleges, that on the 11th of *December*, 1841, the plaintiff recovered a judgment before a justice of the peace against the defendant, for 30 dollars, and that on the 25th of *November*, 1846, a

<div style="text-align:right;">
*Wednesday,*
*December 6.*
</div>

*fieri facias* was issued on the judgment, which was returned *nulla bona*. It also states that the justice afterwards filed in the Circuit Court a certified transcript of the judgment and proceedings, which was recorded in that Court.

Pleas, 1. No such record as alleged. 2. That on the 26th of *May*, 1842, an execution was issued on the above judgment, which was, on the 20th of *August*, in that year, returned, levied on one sorrel mare, and unsold for want of bidders; which mare was and is fully sufficient to pay the judgment, interest thereon, and costs; and which levy still remains in full force and undisposed of. 3. The third plea is in substance the same as the second. 4. No return of *nulla bona* to the execution mentioned in the *scire facias*. The first and fourth pleas led to issues. To the second and third demurrers were sustained, and judgment given for the plaintiff.

The demurrer should have been overruled. "A levy on personal property of sufficient value, is presumed to be a satisfaction of the judgment until the property is disposed of." *McIntosh* v. *Chew*, 1 Blackf. 289.—*Stewart* v. *Nunemaker*, 2 Ind. 47.—*Doe* v. *Dutton*, *id.* 309. The plea shows that the mare levied on was of the full value of the debt, interest and costs; also that the levy was in full force when the *fi. fa.* set out in the *scire facias*, was issued and returned. These statements being true, and the demurrer admits them, constitute a complete bar to the plaintiff's action, because they prove the latter execution to have been irregular; and we may add, that the law will not, in a case like the present, permit the real estate of the defendant to be levied on and sold, until his personalty has been exhausted. It is true, the averments in the plea only afford a presumptive satisfaction of the judgment. Hence it was competent for the plaintiff, by replication, to set up any fact tending to rebut that presumption; but having rested his case on demurrer, he must take the consequences of a reversal of the judgment.

Another error appears in the record. It does not show that the issues taken on the first and fourth pleas were

tried either by the Court or by a jury.  Until these issues were found for the plaintiff he was not entitled to a final judgment.   8 Blackf. 470.

*Per Curiam.*—The judgment is reversed with costs.

*W. March*, for the plaintiff.

*J. S. Buckles*, for the defendant.