## EUDALY *v.* EUDALY.

PRACTICE.—*Defective Verdict.*—If a jury find on special questions of fact, in answer to interrogatories, without a general verdict, the finding is of no force, and it is error for the court to dismiss the case thereon,.or render judgment thereon for the defendant.

APPEAL from the Marion Common Pleas.

PETTIT, J.—This case was a suit for divorce, by the appellant against the appellee.

The answer was the general denial; the case was submitted to a jury for trial. The appellant (who was plaintiff below) asked the court to require the jury, if they found a general verdict, to find specially upon particular questions of fact, which were stated in writing. Some of these particular questions were given to the jury by the court, to which they returned answers; but they did not find a general verdict. Upon the answers to these questions, the court, over the objection and exception of the appellant, dismissed the complaint and rendered final judgment for the appellee; and this ruling is assigned for error. We have no doubt this was error. There was no verdict or finding in law. A jury can only find on special questions when they find a general verdict. If they find on special questions without a general verdict, the court cannot give any weight or force to the

special findings. We cite, as illustrative of this ruling, *The Board of Comm'rs of Lagrange Co.* v. *Kromer*, 8 Ind. 446; *Bird* v. *Lanius*, 7 Ind. 615; *The Michigan, etc., R. R. Co.* v. *Bivens*, 13 Ind. 263; *The Cleveland, etc., R. R. Co.* v. *Terry*, 8 Ohio St. 570; 2 G. & H. 205, sec. 336. There being no legal verdict in the case after it was submitted to the jury, it was error in the court to dismiss the complaint.

The judgment is reversed, at the costs of the appellee, and the cause remanded for a new trial.

*J. W. Gordon* and *W. Patterson*, for appellant.

*A. G. Porter, B. Harrison,* and *C. C. Hines*, for appellee.