SILAS JOHNSON, Respondent, v. JOHN B. LABARGE *et al.*, Appellants.

St. Louis Court of Appeals, October 27, 1891.

Practice, Trial: INCONSISTENCY OF VERDICT. A verdict which is inconsistent in its several findings cannot stand, unless it appears that the party objecting to it has not been prejudiced. And *held*, accordingly, that the verdict in this cause could not stand, since by it the jury found for the plaintiff in a count for damages for the non-performance of a contract, and at the same time found for the defendant for the full contract price on a counterclaim, based upon the same contract.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

REVERSED AND REMANDED.

*Laughlin, Kern & Tansey*, for appellants.

*Frank Hicks*, for respondent.

THOMPSON, J.—The plaintiff brought this action to recover $1,500 damages, alleged to have been caused by the failure of the defendants properly to perform a contract, whereby they had agreed with the plaintiff to shore up the east wall of a certain house belonging to the plaintiff. The answer, after a general denial, set up, as a counterclaim, the right to recover of the plaintiff the sum of $150, the contract price of performing the work; and also another counterclaim for $5.20, upon which last counterclaim no question arises. The plaintiff, by a reply, controverted the right of the defendants to maintain their first counterclaim, on the ground that they had failed properly and skilfully to perform the work according to the contract, whereby the plaintiff had been damaged, as alleged in the petition.

The trial was had before a jury, and the plaintiff gave evidence tending to show that he had been damaged by reason of the failure of the defendants to perform the work in a careful, and skilful manner, in a sum between $150 and $400, and that these damages consisted in the plaintiff's wall settling, and the plastering cracking, etc. The defendants, on the other hand, gave evidence tending to show that the work had been done in a careful, skilful and workmanlike manner, and in the manner in which such work is usually done. The defendants' evidence also tended to show that some settling and injury, such as the plaintiff according to his testimony sustained, is in many cases unavoidable.

The jury returned a verdict for the plaintiff on the cause of action stated in the petition, in the sum of $125, and for the defendants, on each of their counterclaims, in the full sum demanded. The defendants' recovery thus exceeded that of the plaintiff in the sum of $35.20, and judgment was entered in the defendants' favor for

that amount.   To reverse this judgment the defendants appeal.

I.   It is assigned for error that the court refused the following instruction: "The court instructs the jury that the only question for them to consider is, whether or not the east wall of plaintiff's house, mentioned in evidence, was protected and underpinned by defendants in a skilful and workmanlike manner, and, if the jury believe that, after said east wall was underpinned and protected, it was not left in a damaged condition, then plaintiff cannot recover in this case." It is plain that no error was committed in refusing this instruction, because the question therein stated was not the *only* question to be considered by the jury; there were two other questions arising under the two counter-claims.

II.   Complaint is also made that the verdict is contradictory and absurd, and this assignment of error seems to be well taken.   The defendants' counterclaim is in the nature of an action *upon the contract*—not upon a *quantum meruit*.   It sets up the contract to do the work of shoring up the plaintiff's wall for the agreed sum of $150, alleges due performance of the contract on the part of the defendants, and the refusal of the plaintiff to pay the price agreed upon.   The jury, in finding for the defendants on this counterclaim for the full amount of the contract price of doing the work, have necessarily found that the contract was not broken, but that the work was properly performed according to its terms; but, at the same time, they have given the plaintiff damages under his petition in the sum of $125, which could only have been properly given upon the assumption that the contract was not properly performed.   Both of these propositions cannot be true.   It is demonstrably certain that, if the defendants performed their contract, the plaintiff is entitled to nothing for its breach; and, on the other hand, it is equally certain that, if the plaintiff is entitled to anything for its

breach, the defendants are not entitled to compensation for its full performance.

The verdict is, therefore, the result of a manifest mistake, and cannot be allowed to stand, unless we can plainly see that the defendants are not prejudiced by it. But we cannot see which party is prejudiced by it without retrying the case upon the evidence, which it is not within our province to do. Either party might have appealed and alleged prejudice upon the verdict. The plaintiff might have said: "The jury have found that I am entitled to damages by reason of the failure of the defendants to perform their contract with me. Since I am entitled to damages for their breach of the contract, they cannot recover on the contract for its full performance." The defendants, on the other hand, are equally entitled to say: "The jury have found on our first counterclaim that we have fully performed our contract, and, having awarded us the full agreed price for its performance, cannot properly find, under the plaintiff's petition, that we have broken it and award him damages for its breach."

Our conclusion is that the trial court should have set aside this verdict and awarded a new trial; and the judgment is accordingly reversed, and the cause remanded with the concurrence of the judges.