CHARLES STEVENS *vs.* DAVID D. WALKER.

SAME *vs.* SAME.

York.    Opinion May 11, 1904.

*New Trial.    Jury.    Verdicts,* set aside as inconsistent.    *Trespass and Malicious Prosecution.*

Inconsistent verdicts, rendered by the same jury and upon the same testimony that are irreconcilable with each other, should be set aside.

Two cases were brought by the same plaintiff against the same defendant, were tried together and submitted to the same jury. One was an action of personal trespass to recover for an alleged assault, the other was an action for malicious prosecution. The question of probable cause in the latter suit, the only question at issue in that suit, depended upon the same facts that were in controversy in the action of trespass. If the plaintiff's story as to the alleged assault was believed by the jury to have been the true one, there should have been a verdict against the defendant in both actions, because then the defendant did not have probable cause for instituting the criminal proceedings upon which the action for malicious prosecution was based. The jury rendered a verdict for the plaintiff in the

action of trespass for $1,487.50, and a verdict for the defendant in the other action.

*Held;* that these two verdicts rendered by the same jury and upon the same testimony were absolutely inconsistent and irreconcilable with each other; that by reason of such inconsistency the value of each verdict has been destroyed by the other and that both verdicts should be set aside.

It is, of course, true that if one of these verdicts had been unmistakably right and the other manifestly wrong, one might have been sustained and the other set aside, notwithstanding this inconsistency; but where, as in these cases, there was sufficient evidence to justify either verdict standing by itself, and, except for this inconsistency, the court would have been disinclined to disturb either, the weight and value of each verdict is impaired to such an extent by the other, that it is considered by the court that both should be set aside.

Motion by defendant.    Sustained.

Action of trespass, for an assault and battery, and malicious prosecution, both growing out of the same facts and tried together.    The jury returned a verdict of $1,487.50 for the plaintiff in the first case and for the defendant in the second case.

*Robt. B. Seidel, Geo. F. and Leroy Haley,* for plaintiff.

*Hampden Fairfield and Luther R. Moore; B. F. Cleaves, H. T. Waterhouse and G. L. Emery,* for defendant.

SITTING:  WISWELL, C. J., WHITEHOUSE, STROUT, POWERS, PEABODY, SPEAR, JJ.

WISWELL, C. J.    These two cases were tried together before a jury.    One is an action of personal trespass for an alleged assault and battery, the other is an action upon the case for malicious prosecution.

At the time of the alleged assault by the defendant upon the plaintiff, the latter was in the service of the former as a coachman at his summer residence at Kennebunkport.    While the plaintiff was sitting upon the coachman's seat of a carriage standing in front of the door of defendant's house, a controversy arose between the parties, during which, it is claimed by each, that the other made an assault upon him.    The plaintiff's contention is, that, after some words between them, he was discharged by the defendant from his employment; that after he stepped down from the carriage, and as

he was passing by the defendant on his way off of the latter's premises, going towards the main road, the defendant made an assault upon him with his cane and then followed him to and along the road, throwing stones at him and hitting him twice; that he also called him vile names and made threats of further and more serious injury.

The defendant says, upon the other hand, that the plaintiff made the first attack upon him; that he jumped down from the carriage and rushed towards him in a violent, angry and threatening manner, and that whatever he did, at least in the immediate vicinity of the house, was necessarily and properly done in his own protection and defense.

After the affair was over the defendant sent for an officer, had the plaintiff arrested, lodged in a lock-up, and later prosecuted criminal proceedings against him for an assault and battery. Upon the hearing before the magistrate, the respondent, the plaintiff in this action, was adjudged not guilty and was discharged. For this alleged malicious prosecution, the second of these two actions was brought. The trial of the two cases, upon the same evidence, and before the same jury, resulted in a verdict for the plaintiff in the action for assault and battery, damages being assessed for the plaintiff in the sum of $1,487.50, and in a verdict for the defendant in the action for malicious prosecution.

It is obvious that these two verdicts, returned by one jury in the trial of the two cases together, are inconsistent and cannot be reconciled. If the plaintiff's story of the whole affair is the true one, he was entitled to a verdict in his favor in both cases. If his story is true, the institution and prosecution of the criminal proceedings by the defendant was without probable cause and was malicious. If, upon the other hand, the plaintiff was the aggressor, having made the first assault, and the defendant was only subsequently in fault in following the plaintiff to and along the road, and in making an assault upon him there, after he had been struck and knocked down by the plaintiff, as claimed, although the plaintiff would be entitled to a verdict for this subsequent assault, the damages awarded, under such circumstances, were grossly excessive, because the actual physi-

cal injury was trifling; and he should not be allowed large damages for the injuries to his feelings, the indignity, if he made the first assault and was to a considerable extent the cause of the whole trouble.

It follows, as we have already said, that these two verdicts are entirely inconsistent with each other, the plaintiff should either have had a verdict in both cases, or the damages in the personal trespass case should have been much smaller.

In the opinion of the court, there was sufficient evidence to justify either verdict, standing by itself, but standing together, each contradicts the other, and this contradiction deprives both of the weight that a verdict is ordinarily entitled to. Of course, if one of these verdicts had been unmistakably right, and the other manifestly wrong, one might have been sustained and the other set aside, notwithstanding this inconsistency; but where the testimony is so evenly balanced, and the contradictions are so great, that the court would be disinclined to disturb either, standing alone, in such case, each has been deprived of its entire weight and value by the other, and we are of the opinion that both should be set aside.

*Motion for a new trial in each case granted.*