BY THE

ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

OCTOBER TERM, 1912.

FAIRBANKS-MORSE & COMPANY, Respondent, v. MERCURIO BROTHERS et al., Appellants.

St. Louis Court of Appeals, February 4, 1913.

1. SALES: Breach of Warranty: Non-liability of Seller. Where an engine is sold under a warranty that it will perform its functions, and the seller's agent properly installs the same, except that, under the direction of the buyer's agent, he makes certain connections not contemplated or recommended by the seller, as a result of which the engine fails to perform its functions, the seller is not liable for breach of warranty.

2. ———: ———: ———: Principal and Agent: Authority of Agent: Sufficiency of Evidence. In an action on an account, where defendant filed a counterclaim asking for damages for breach of warranty of an engine purchased from plaintiff by defendant, the evidence tended to show that one B was employed by defendant to erect the factory in which the engine was placed and that he advised defendant concerning the character of engine that should be installed; that B caused a certain coil to be connected with the engine, which connection was not contemplated or recommended by plaintiff, and that the failure of the engine to perform its functions was due to this connection. Held, that the evidence was sufficient to warrant the jury's finding that B had authority to represent defendant and to direct the making of the connection. Held, further, that there was sufficient evidence to warrant a finding for plaintiff

(668)

on the counterclaim, on the theory that the failure of the engine to properly functionate was due to the connection made by defendant's agent and not to defective material or poor workmanship.

3. **INSTRUCTIONS: Assumption of Facts: Sales.** An instruction to find for plaintiff on defendant's counterclaim for damages for breach of warranty of an engine purchased from and properly installed by plaintiff's representative, except for certain defective connections made under directions of a certain person, if the jury found that such person had been employed by defendant to build and equip the factory in which the engine was to be installed and that such person, as agent of defendant, ordered the connection to be made, and that the failure of the engine to operate properly was due to such connection being made, was not open to the objection that it assumed that he had such authority as agent for defendants.

4. **VERDICTS: Verdict on Claim and Counterclaim: Consistency: Sales.** Where, in an action on an account containing several items, for the installation of an engine sold by plaintiff to defendants under a warranty, defendants admitted liability except for one item, which they claimed was occasioned by plaintiff's breach of warranty, and plaintiff rested on such admission and introduced no evidence in support of the account, a finding for plaintiff for the amount of the account which defendants admitted was not inconsistent with a finding against defendants upon a separate counterclaim for breach of warranty, since the failure of the jury to return a verdict for plaintiff on the disputed item is attributable to the lack of evidence concerning it and not to a finding that plaintiff breached its warranty.

5. **APPELLATE PRACTICE: Instructions: Harmless Error.** In an action on an open account, error in giving an instruction which authorized a verdict for plaintiff on certain disputed items concerning which plaintiff introduced no evidence was harmless, where the jury did not find for plaintiff on such items.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm,* Judge.

AFFIRMED.

*Barclay, Fauntleroy, Cullen & Orthwein* for appellants.

*J. Lionberger Davis and Jones, Hocker, Hawes &* *Angert* for respondent.

ALLEN, J.—This is an action by the plaintiff, a corporation, respondent in this court, against defendants, appellants here, upon an open account aggregating $373.41. The suit was begun before a justice of the peace, by filing the account, consisting of a large number of items of labor and material, covering a period from June 19, 1909, to January 17, 1910, inclusive; the plaintiff demanding the said sum of $373.41, with accrued interest thereon to October 1, 1910, in the sum of $21.24, making a total of $394.65.

In their answer filed in the justice court the defendants denied any indebtedness to plaintiff, and averred in substance that on or about the 1st day of June, 1909, plaintiff sold to defendants a thirty-five horse power gas engine and warranted and represented that the material therein and the workmanship should be of the best class, and further agreed that if any part thereof showed defective material or workmanship within one year from date of shipment, the plaintiff would furnish new parts thereof free of charge; that the engine was defective in workmanship and material and not worth the price which defendants agreed to pay for it, to-wit, $2339, and that the items sued for were not chargeable to defendants.

And for further answer and by way of counterclaim, the defendants averred that plaintiff sold them the engine for the sum above mentioned, and falsely and fraudulently represented to them that the same would furnish sufficient heat to heat their building and run certain machinery therein, and that defendants relied upon said representations; that plaintiff agreed to superintend the erection of the engine in their said building; that the engine was not as represented and that plaintiff so carelessly and negligently erected the same on defendants' premises that the engine would

not run and operate, whereby defendants were damaged in the sum of $500, for which sum they prayed judgment.''

Judgment was rendered in the justice court in favor of the defendants on their counterclaim, and in due time the plaintiff perfected its appeal to the circuit court of the city of St. Louis, where the cause was tried before the court and a jury. At the trial in the circuit court defendants admittted the correctness of certain items of the account, amounting to $323.59, and that plaintiff was entitled to recover that sum. There was a verdict for plaintiff for $332.65, being the amount admitted by defendant to be due plaintiff with interest thereon, and a verdict for plaintiff on defendants' counterclaim, and judgment was entered accordingly. After an unsuccessful motion for a new trial, the defendants duly perfected their appeal to this court.

Learned counsel for appellants insist, that there was no evidence to support the verdict for plaintiff on the defendants' counterclaim; that the trial court erred in giving instruction numbered ''4'' given by the court at the request of plaintiff; and that the verdict of the jury is inconsistent, in that the jury found for plaintiff on defendants' counterclaim without finding for plaintiff on the disputed items of the account.

As to the contention of appellants that there was no evidence to support the verdict for plaintiff on defendants' counterclaim, there was evidence that one Berry was employed by defendants to erect the macaroni factory for defendants into which the engine purchased from plaintiff was to be placed; that he superintended the erection of the engine, which was installed by one Merrell, the representative of plaintiff, and that he caused to be connected with the engine a certain coil so as to get heat from it for use in the drying rooms of the factory. There was evidence that the connection of the engine with these coils was not con-

templated or recommended by plaintiff, and that the same caused the cylinder of .the engine to heat and prevented it from properly performing its functions, and that its failure to properly operate was due to this and not to defective material or poor workmanship, nor to negligence of plaintiff in erecting the same. There was evidence that Berry advised defendants as to what kind of an engine should be installed and directed its connections with the coil of pipes, which he installed in defendants' factory. There was ample evidence from which the jury might well find that Berry had authority to represent the defendants, and to direct the actions of plaintiff's superintendent who installed the engine, at least in so far as concerns the particulars above mentioned. Whatever conflict there was in the evidence with respect to these matters was a question for the jury. Under all the ,evidence we hold that there was sufficient evidence to support the finding of the jury for plaintiff on defendant's counterclaim.

The fourth instruction given by the court at the instance of the plaintiff is as follows:

"4. The court instructs the jury that if you find and believe that the defendants employed the witness Berry to build and equip the macaroni factory in which the engine mentioned in the evidence in this case was installed, and if you further find and believe that said Berry as the agent of defendants ordered and directed the superintendent of plaintiff to connect said engine with the coils of pipes mentioned in the evidence, and that said connection was made at the request of and under the directions of said Berry, and the plaintiff's agent in making said connection exercised such care as would be used by a competent superintendent in doing such work, and if you further find from the evidence that such trouble as defendants had with said engine was caused by the fact that said system of pipes was connected with said engine, then defendants are

not entitled to recover on their counterclaim and your verdict must be for plaintiff and against said defendants on said counterclaim.''

Appellants insist that this instruction is erroneous for the following reasons: (1) That there was no evidence tending to prove that Berry did as a matter of fact direct or control the plaintiff's superintendent; (2) that there was no evidence tending to prove that Berry was authorized by the defendants to direct or control plaintiff's superintendent; (3) that there was positive testimony tending to prove that Berry had no such authority, and that the instruction assumes that Berry had such authority; (4) because the instruction does not require the jury to find that Berry was invested with authority to control said superintendent.

The first two of these objections to this instruction are disposed of by what we have said above. As to the third and fourth, it was for the jury to determine under the evidence whether Berry had such authority; and the instruction does not assume the authority of Berry, but requires the jury to find the same, for it requires the jury to find that the defendants employed Berry to build and equip their factory, and that he, as agent of defendants, directed and controlled plaintiff's superintendent. We perceive no error in the giving of this instruction.

It is earnestly insisted by learned counsel for appellants that the verdict of the jury is inconsistent. As we said above, the original account of plaintiff amounted to the sum of $373.41, exclusive of interest. Defendants disputed the remaining items of the account, amounting to $49.82, upon the ground that plaintiff had failed to furnish an engine in accordance with its contract and representations, and that plaintiff was negligent in the erection thereof, and that the disputed items were incurred in an attempt to make

the engine run and operate and were made necessary by plaintiff's said failure and negligence. At the trial plaintiff offered no evidence whatever in support of its account, and, so far as its cause of action is concerned, went to the jury upon the admissions of defendants above mentioned. There was no testimoney whatsoever in support of the disputed items amounting to $49.82.

Appellants insist that the jury in failing to find for plaintiff on these disputed items of its account thereby necessarily found that plaintiff had not furnished an engine according to its contract and representations and properly erected the same, and that the verdict of the jury in finding for plaintiff only in the sum of $323.59 and interest, omitting the $49.82 consisting of these disputed items, was inconsistent with a verdict for plaintiff upon defendants' counterclaim. In support of this contention of appellants we are cited to the case of Johnson v. LeBarge, 46 Mo. App. 433. As to the decision in that case suffice it to say that it has no application to the facts of this case. There the action was for damages for breach of contract, and the defendant interposed a counterclaim for the contract price. The jury found a verdict for plaintiff for damages and for defendant on his counterclaim. Here the action is upon an open account. The defendants admitted liability for certain specific items thereof. There was no evidence tending to prove the remainder of the account, i. e., the disputed items above mentioned. Manifestly the jury could not have returned a verdict for plaintiff for these items upon any possible theory; and from the failure so to do, it cannot be inferred that the jury found that the plaintiff was at fault with respect to furnishing or erecting the engine.

It is true that the court, after instructing the jury to the effect that plaintiff was entitled in any event to recover $323.59, further instructed the jury that if they

believed from the evidence that the disputed items of $49.82 were furnished by plaintiff at defendants' request and were made necessary because of the fact that the engine was impaired by the use or bad management on the part of the defendants and not by reason of any defective material or workmanship, or by any improper or negligent manner in erecting the engine, then the plaintiff was also entitled to recover the said amount of these disputed items. The giving of this instruction was evidently improper because of the fact that there was no evidence whatsoever to support a finding for plaintiff on these items; but as the jury did not find for plaintiff on the items in question, the error of course was harmless.

We have carefully examined the record, and finding no reversible error therein, the judgment of the circuit court is affirmed. *Reynolds, P. J.,* and *Nortoni, J.,* concur.