## CHILDRESS, ADMINISTRATRIX, *v.* LAKE ERIE AND WESTERN RAILROAD COMPANY.

[No. 22,647. Filed May 26, 1914. Rehearing denied October 8, 1914.]

1. JUDGMENT. — *Motion for Judgment.—Grounds.* — In an action against a railroad company and its engineer for the death of a traveler at a crossing, a motion for judgment in favor of the company on the grounds that the negligence was committed by the engineer and that no judgment could be rendered against the company after verdict for the engineer, and that the special findings show that the negligence, if any, causing decedent's death, was committed by the engineer, and that the jury found in his favor, and that there can be no judgment against the company, presents grounds unknown to the practice and is of no effect. p. 254.

2. RAILROADS.—*Crossing Accidents.—Complaint.—Theory.—*A complaint for the death of a person run over by a train at a crossing, charging the operation of the train at an excessive speed, that no whistle or other warning was sounded or given of the train's approach to the crossing, and that the defendant company and its engineer were both and each careless and negligent in failing and neglecting to sound the whistle, etc., is based on §5432 Burns 1914, §4021 R. S. 1881, creating a liability against both the railroad company and engineer by reason of the engineer's negligence or failure to comply with §5431 Burns 1914, §4020 R. S. 1881, relative to the giving of signals at railroad crossings, and proceeds on the theory that the death was caused by the negligence of both in the operation of the train, notwithstanding averments as to obstructions on the right of way and near the crossing, since the maintenance of such obstructions, if proved, would not of itself constitute negligence, though proper to be considered as bearing upon the questions of contributory negligence and the degree of care required of defendant company in operating its train over the crossing. p. 254.

3. MASTER AND SERVANT.—*Injuries from Negligence of Servant.—Joint Liability.—*The rule that where the wrongful acts of two or more persons, acting together or independently, unite in caus-

ing a single· injury, they are severally liable for the resulting damages, and the injured person may enforce liability against them jointly or severally, and that no one sued as such a joint tortfeasor may complain if recovery is had against him alone, does not apply where the relation of master and servant exists between two defendants and the master is sought to be held only under the doctrine of *respondeat superior*, and in the latter instance the master, if held liable, has a right of action against his servant for indemnity, which, however, would be defeated by a verdict and judgment releasing the servant.  p. 256.

4.  TRIAL.—*Issues.*—*Verdict.*—Where an action against a railroad company and its engineer for the death of a person who was struck by a train at a crossing, was based on a negligent failure to give the statutory signals on the approach of the train to the crossing, and the jury found in favor of the engineer and against the company, a judgment could not be had against the company, since under the averments of the complaint the only possible construction that could be given to the verdict rendered it contradictory and absurd, and such a verdict can not be made the basis of a legal judgment.  p. 256.

5.  TRIAL.—*Verdict.*—*Requisites.*—The findings of a jury on general issues of fact submitted to them must be returned in some legal form before a valid judgment can be rendered thereon. p. 258.

6.  TRIAL—*Verdict.*—*Special Verdict.*—*Answers to Interrogatories.* —*Judgment.*—A special verdict is distinguishable from answers of the jury to interrogatories, in that it is in lieu of a general verdict and exhibits all the legitimate facts and leaves the legal conclusions entirely to the court, while findings in answer to interrogatories may be responsive to but a single issue essential to verdict, and do not dispense with a general verdict, unless they affirmatively show the existence of sufficient facts to constitute a special verdict; hence where the court has before it neither a general nor special verdict, and answers to interrogatories were not sufficient to stand as a special verdict, any judgment on the issues would be invalid.  p. 258.

7.  APPEAL. — *Review.* — *Disposition of Cause.* — *New Trial.* — The court on appeal, in reversing a judgment, may grant a new trial where justice requires even though no motion therefor was presented to the trial court.  p. 260.

From Superior Court of Tippecanoe County; *Henry H. Vinton,* Judge.

Action by Estella Childress, as administratrix of the estate of William A. Childress, deceased, against the Lake

Erie and Western Railroad Company and another. From a judgment for defendants, the plaintiff appeals. (Transferred from the Appellate Court under subd. 2, §1394 Burns 1914, Acts 1901 p. 565.) *Reversed.*

*Will R. Wood* and *C. E. Thompson,* for appellant.

*John B. Cockrum, Edwin P. Hammond, Dan W. Simms, William V. Stuart* and *Allison E. Stuart,* for appellee.

Spencer, J.—Appellant brought this action as administratrix of the estate of William A. Childress, deceased, against appellee and its engineer, Patrick Haggerty, to recover damages for the death of her decedent alleged to have been caused by the negligence of the defendants. The cause was tried by a jury which returned the following verdict: "We, the jury, find for the plaintiff, and against the defendant, the Lake Erie and Western Railroad Company, and assess her damages at $6,000.00. And find for the defendant, Patrick Haggerty." With this general verdict the jury also returned answers to certain interrogatories propounded to them. On motion of Haggerty the court, without objection, rendered judgment in his favor for costs and, as it was the last day of the term, the cause was continued as to appellee for further proceedings. At the next term appellee filed the following motion, omitting caption: "1. Said defendant, The Lake Erie and Western Railroad Company, respectfully moves the court for judgment in its favor on the special findings of the jury in answers to interrogatories notwithstanding the general verdict against said defendant. 2. Said defendant, The Lake Erie and Western Railroad Company respectfully moves the court for judgment in its favor for the reasons that the alleged acts of negligence were, as charged in the complaint, committed by its codefendant Patrick Haggerty, who was a servant and employe, as alleged in said complaint, of this defendant, and no judgment can be rendered against this defendant after the verdict herein rendered in favor of said Haggerty. 3.

Said defendant, The Lake Erie and Western Railroad Company, respectfully moves the court for judgment in its favor for the reasons that the special findings show that the negligence, if any, which caused the death of said defendant, was committed by acts of commission and omission by said defendant company's codefendant Patrick Haggerty, who, as shown by said special findings, was in the service of this defendant, and in charge of the engine of the train which collided with and killed said decedent; and that as the jury in this case returned a verdict in favor of said Haggerty there cannot be any judgment rendered against this defendant.'' Appellant filed her written motion for judgment against appellee on the general verdict. The court overruled this motion and sustained the motion of appellee company, and rendered judgment in its favor against appellant for

1. costs. The second and third grounds of appellee's motion are unknown to our practice and are of no effect. The first ground is a motion for judgment on the answers to interrogatories notwithstanding the general verdict.

It appears from appellant's complaint that on June 11, 1908, appellant's decedent was struck and killed at a certain highway crossing in Tippecanoe county by one

2. of appellee's trains on which Patrick Haggerty was engineer. The physical conditions at and near the crossing are described in great detail and it is then charged that the train was run over said crossing at the excessive and dangerous rate of speed of eighty miles an hour; "that no whistle was sounded on the engine of said train at a distance of not less than eighty rods nor within one hundred rods of said crossing at said time, to give warning to plaintiff's decedent of the approach of said train; that no bell was sounded to give warning of the approach of said train; that there was at said time on said train a whistle and a bell; that no warning either by bell or whistle was given at any point from said crossing and northwest for a distance

of one hundred rods, and in fact no signal of any kind or character was given to notify said Childress of the approach of said passenger train to said crossing, thereby to notify him to stand aside and yield said crossing to said defendant company and for the passage over said crossing of said train.'' It is further averred that decedent would have escaped injury had the warning signals been given of the approach of said train to said crossing; ''that said defendant company and said Patrick Haggerty were both and each careless and negligent in failing and neglecting to sound the whistle on said engine'', etc. It is true that the complaint also alleges that on the company's right of way, near said highway crossing, there was an embankment extending at one place ten feet and four inches above the rails; that there was a tower house 250 feet north of the crossing; also an oil house and a semaphore on the right of way, and weeds and grass along the embankment to the height of three or four feet; all of which served to obstruct the view of persons approaching the crossing from the east. Such facts, if proven, might properly be considered in determining decedent's contributory negligence, if any, and also with reference to the degree of care required of appellee in operating its trains over such crossing, but the maintenance of such obstructions on the right of way and near the crossing did not, in itself, constitute negligence, and, independently, would not give rise to a cause of action. We must conclude therefore that appellant's complaint proceeds on the theory that decedent's death resulted from the negligence of appellee and its engineer, Haggerty, in the operation of the train. It is based on §5432 Burns 1914, §4021 R. S. 1881, which, after making it a penal offense not to comply with the provisions of §5431 Burns 1914, §4020 R. S. 1881, relative to the giving of signals at railroad crossings, provides further that ''the company in whose employ such engineer or person may be, as well as the person himself, shall be liable in damages to any person or his representa-

tives who may be injured in property or person,   *   *   *
by the neglect or failure of any such engineer or other person as aforesaid.''

The general rule is well settled that where the wrongful acts or omissions of two or more persons, acting together or independently, unite in causing a single injury, they
3.  are severally liable for such damages as may result, and the injured party may enforce liability against them jointly or severally, or against part only of the wrongdoers.  Following this doctrine it has been held frequently that no one of two or more defendants, sued as joint tortfeasors, may complain if recovery is had against him and not against the other equally liable.  This general rule, however, does not apply where the relation of master and servant exists between two defendants and there is no claim that the master actually participated in or directed the commission of the wrong but is sought to be held only under the doctrine of *respondeat superior.*  Under such circumstances, if the master is held liable he has a right of action against his servant for indemnity, and such right would be defeated by a verdict and judgment which released the servant.  *Indiana, etc., Torpedo Co.* v. *Lippincott Glass Co.* (1905), 165 Ind. 361; *City of Anderson* v. *Fleming* (1903), 160 Ind. 597, 66 L. R. A. 119; *Doremus* v. *Root* (1901), 23 Wash. 710, 63 Pac. 572, 54 L. R. A. 649.

Appellant earnestly insists that under the statute, above quoted from, the liability of the railroad company does not flow from the relation of master and servant but is
4.  fixed by the statute itself; that the doctrine of *respondeat superior* does not apply in this case, and that a finding in favor of Haggerty does not relieve appellee.  We deem it unnecessary to determine this question, however, in view of our conclusions as to the construction which must be placed on the verdict of the jury.  By this verdict the jury found, in effect, that appellee company was liable in damages because the statutory signals were not

given, while Haggerty, the engineer, was not liable because the proper signals were given. No other construction is possible under the averments of appellant's complaint since it does not charge that it was the duty of any servant of appellee company, other than Haggerty, to give said signals, or that said company violated through any other servant the duty placed on it by the statute. Such a verdict is contradictory and absurd, and can not be made the basis of a legal judgment. In the case of *Donaldson Iron Co.* v. *Howley Constr. Co.* (1910), 226 Pa. St. 445, 75 Atl. 685, 18 Ann. Cas. 778, this language is used at page 446: "The jury returned the following verdict: 'And now, to wit, April 3, 1909, we, the jurors empanelled in the above entitled case find for the plaintiff for the sum of $1,652.40 and we further find that the time for payment agreed upon was the date of the final estimate on the contract between the state and defendant in the performance of which these goods were to be used and that said estimate has not yet been given to defendant.' As the case then stood plaintiff had a verdict for the amount claimed 'to be due, but a finding that the amount so fixed was not due until the final estimate on the contract between the state and defendant had been made, and that the estimate had not yet been given defendant. Of course such a verdict being contradictory in its findings can not be sustained. * * * It is the province of the jury to find the facts and return a verdict according to the facts so found, and when the jury makes a return in the nature of a special verdict containing contradictory findings it is not for the court to say that one part of the return is correct and the other part not correct. The verdict as it is returned must stand or fall as it is made."

The case of *Zitnik* v. *Union Pac. R. Co.* (1912), 91 Neb. 679, 136 N. W. 995, is similar to the case at bar. The railroad and its engineer, Mullen, were made codefendants in an action to recover damages alleged to have been caused

Vol. 182—17

by the negligent operation of a switch engine of which Mullen was in charge. The jury returned a general verdict in favor of Mullen and against the railroad company. On appeal the supreme court of Nebraska held that the verdict was improper and used this language at page 686: ''The verdict, therefore, against the defendant company and in favor of the engineer, there being no evidence of negligence on the part of any other agent or employe of the company in the matters alleged in the petition, is inconsistent with itself and can not be sustained.'' See, also, *Ruth* v. *Mc Pherson* (1910), 150 Mo. App. 694, 131 S. W. 474; *Johnson* v. *Labarge* (1891), 46 Mo. App. 433; *Stevens* v. *Walker* (1904), 99 Me. 43, 58 Atl. 53. The same principle is applicable here which finds expression in the well settled rule that where the answers of the jury to interrogatories are antagonistic or inconsistent, they neutralize each other, and will be disregarded. *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1907), 168 Ind. 438, 448; *Inland Steel Co.* v. *Smith* (1907), 168 Ind. 245, 249.

Where the general issues of fact in a cause have been submitted to a jury for determination it is elementary that their findings thereon must be returned to the trial court in some legal form before it can render a valid judgment thereon in favor of either party. *Barret* v. *Thompson* (1854), 5 Ind. 457; *Beard* v. *Adams* (1847), 8 Blackf. 469; *Hammond* v. *Freeman* (1848), 9 Ark. 62, 67; *Bosman* v. *Akeley* (1878), 39 Mich. 710, 33 Am. Rep. 447. Under our practice these findings are returned in either a general or a special verdict. As the case at bar comes to us the general verdict is a nullity and without effect, while there is no special verdict unless the answers to interrogatories may be so construed. There is, however, ''a manifest difference between a special verdict and the finding of the facts in answer to interrogatories propounded to the jury. A special verdict is in lieu of a general verdict, and its design is to exhibit all the legitimate

facts and leave the legal conclusions entirely to the court. Findings of fact in answer to interrogatories do not dispense with the general verdict. A special verdict covers all the issues in the case, while an answer to a special interrogatory may respond to but a single inquiry pertaining merely to one issue essential to the general verdict." 7 Words and Phrases, 6596. See, also, *Morbey* v. *Chicago, etc., R. Co.* (1902), 116 Iowa 84, 89. If a jury finds on special questions of fact in answer to interrogatories, without a general verdict, the finding is of no force, and the court can not give to the special findings any weight unless they are sufficiently numerous and explicit to leave nothing for the court to do but to determine questions of law. If they affirmatively show the existence of every fact necessary to entitle plaintiff to a recovery and the nonexistence of every defense presented under the issues, or if they show as a matter of law that a valid defense has been established by the evidence, they may then constitute a special verdict. *Krug* v. *Davis* (1885), 101 Ind. 75; *Eudaly* v. *Eudaly* (1871), 37 Ind. 440; *Toledo, etc., R. Co.* v. *Hammond* (1870), 33 Ind. 379, 5 Am. Rep. 221.

We deem it unnecessary for the purposes of this opinion to set out herein even the substance of the answers to interrogatories, it being enough to say that, under the rule above stated, they are insufficient to stand as a special verdict. Since the trial court had before it neither a general nor a special verdict of the jury on the issues of fact presented for its determination, any judgment covering such issues which the court might render would be wholly unauthorized by law and invalid. 1 Black, Judgments (2d ed.) §170; *Joyce* v. *Whitney* (1877), 57 Ind. 550, 558; *Packard* v. *Mendenhall* (1873), 42 Ind. 598; *McCormick, etc., Mach. Co.* v. *Stires* (1903), 68 Neb. 432, 436, 94 N. W. 629.

This court may, in reversing a judgment, grant a new trial of the cause where justice requires, even though no motion therefor was presented to the trial court. §702

Burns 1914, §660 R. S. 1881; *Inland Steel Co.* v. *Kiessling* (1910), 174 Ind. 630, and cases cited. The judgment herein is reversed without prejudice to either party and the Superior Court of Tippecanoe County is instructed to grant a new trial and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 105 N. E. 467. On the question of the joint liability of master and servant for tort of servant, see 28 L. R. A. 441; 12 L. R. A. (N. S.) 670; 25 L. R. A. (N. S.) 356. As to the effect of a servant's discharge from personal liability on a master's liability for the servant's acts, see 9 Ann. Cas. 660; 21 Ann. Cas. 1013. As to liability of master for acts and neglects of servant in course of his employment, see 40 Am. Rep. 226. See, also, under (1) 23 Cyc. 768; (2) 33 Cyc. 1058; (3) 26 Cyc. 1545; (4) 23 Cyc. 806; (5) 38 Cyc. 1919; (6) 38 Cyc. 1869; (7) 3 Cyc. 454.