JAMES H. FAISON, SR., v. JOHN WESLEY CRIBB AND ROBERT BATTS.

(Filed 15 December, 1954.)

**Damages § 1a—**

Where the allegations and theory of trial disclose that plaintiff was relying on future damages as a part of his recovery, a charge that he is entitled to recover in one lump sum for all injuries past, present, and prospective, without instructing the jury that the amount awarded for future losses should be based on the present cash value or present worth of such losses, must be held for prejudicial error.

APPEAL by defendant Cribb from *Burgwyn, Emergency Judge,* and a jury, at June Term, 1954, of NEW HANOVER.

Civil action in tort involving collision of two automobiles and a bicycle at a street intersection in the City of Wilmington, North Carolina.

The bicyclist instituted the action against both automobile operators. The action was dismissed as in case of nonsuit as to the defendant Batts, but was submitted to the jury as to the defendant Cribb on issues of negligence and damages. These were answered in favor of the plaintiff, and he was awarded damages in the sum of $10,250.

From judgment based upon the verdict the defendant Cribb appeals, assigning numerous errors but bringing forward assignments which relate only to the charge of the court.

*McClelland & Burney and Lonnie B. Williams for appellant.*
*W. P. Burkhimer for appellee.*

JOHNSON, J.    On the issue of damages the court charged that the plaintiff was entitled to recover in one lump sum for all injuries, past, present, and prospective, without instructing the. jury that the amount awarded should be based upon the present cash value or present worth of the future losses.

The charge as given is similar to that in *Lamont v. Hospital,* 206 N.C. 111, 173 S.E. 46. In that case this Court in awarding a new trial said: "This charge is defective in that it fails-to limit plaintiff's recovery for future losses to the present cash value or present worth of such losses." See also *Daughtry v. Cline,* 224 N.C. 381, 30 S.E. 2d 322, 154 A.L.R. 789; Annotations: 77 A.L.R. 1439, p. 1446; 154 A.L.R. 796, p. 799.

In the case at hand the plaintiff's allegations and the theory of the trial disclose that he was relying upon future damages as a substantial part of his recovery. This being so, we are constrained to the view that the inadvertence of the able judge who presided below in failing to apply the doctrine of the *Lamont case* must be treated as prejudicial error.    See

concurring opinion of *Barnhill, J.*, now *C. J.*, in *Daughtry v. Cline, supra* (224 N.C. 381, bot. p. 386, 30 S.E. 2d 322, p. 324).

We refrain from discussing the other assignments of error since the questions presented may not arise on retrial.

New trial.