JACKIE RAY MOSS, BY HER NEXT FRIEND, ERNEST MOSS, JR., v. SOUTHERN RAILWAY COMPANY, a CORPORATION, AND J. A. BEAL

No. 68SC182

(Filed 14 August 1968)

1. **Appeal and Error § 40— record proper — statement of case on appeal**

   A statement of case on appeal is not an essential part of the record on appeal. Rule of Practice in the Court of Appeals No. 19(a).

2. **Railroads § 5— crossing accidents — sufficiency of evidence**

   In an action by a 13-year-old plaintiff to recover for injuries sustained in a collision with defendant's train while she attempted to cross the defendant's tracks on a bicycle, there is sufficient evidence of actionable negligence to withstand motion for judgment as of nonsuit.

3. **Railroads § 5— crossing accidents — instructions — liability for growth of weeds**

   In an action by a 13-year-old plaintiff to recover for injuries sustained in a collision with defendant's train while she attempted to cross the tracks on a bicycle, there is error in an instruction which permitted the jury to find defendant negligent solely upon a finding that defendant caused the plaintiff's view of the approaching train at the crossing to be obstructed by a growth of weeds and brushes.

4. **Railroads § 5— dangerous crossing — actionable negligence — obstacles on right of way**

   Permitting obstacles along the right of way of its tracks and near a crossing does not in itself constitute actionable negligence on the part of a railroad, and independently would not give rise to a cause of action; the cause of action depends upon whether or not the train crew gave the warning and took the precautions which an unusually dangerous crossing required.

5. **Damages § 16— instructions on future damages**

   In an action by a 13-year-old plaintiff to recover damages for injuries

sustained in a railroad crossing accident, the trial court committed error in failing to instruct the jury that any award on account of damages which plaintiff might sustain in the future should be limited to the present cash value of such loss or damages.

**6. Appeal and Error § 10— amendment of answer on appeal**

Defendant's motion in the Court of Appeals to be permitted to amend its answer is allowed. Rule of Practice in the Court of Appeals No. 20(c).

Appeal by defendant Southern Railway Company from *Martin, Robert M., S.J.,* at the February 1968 Civil Session of Wake County Superior Court.

Plaintiff institutes this action by her next friend alleging that she was thirteen years of age and was injured on 28 July 1961 by the negligence of the defendants. That she was struck by a train of the defendant Southern Railway Company which was being operated by its employee, the defendant J. A. Beal, while she was riding a bicycle and attempting to cross the tracks of the Southern Railway Company on St. Mary's Street in the Town of Garner. Plaintiff, seeking to recover for personal injuries, alleges that her injuries are permanent and were proximately caused by the negligence of the defendant J. A. Beal in the manner alleged and by the negligence of the defendant Southern Railway Company in that:

"Defendant Southern Railway Company permitted, and failed to cut, a growth of weeds and bushes upon its right of way and along its tracks in such a manner as to obstruct the view of this minor plaintiff when approaching the crossing and to hinder and prevent her from seeing the approaching train;

.          .          .

Defendant Southern Railway Company, by and through its employees, failed to maintain a reasonable and proper and lawful lookout so as to ascertain this minor plaintiff's position upon entering and crossing the tracks;

Defendant Southern Railway Company, knowing this particular crossing to be heavily traveled, and being fully apprised of the obstruction to the view of travelers approaching the crossing, and especially with regard to allowing its train to approach and pass through the crossing at speeds in excess of 50 miles per hour, failed and neglected to provide adequate and timely control and signal devices designed to warn the public, and this minor plaintiff in particular, of the approach of its train and the danger so created; . . ."

The defendant answering plaintiff's complaint denies that it was

negligent and as a further answer and defense alleges that plaintiff was riding a bicycle in a southerly direction on St. Mary's Street in Garner, and as she approached the railway crossing, she carelessly and negligently rode her bicycle onto the main line track in front of defendant's train. Defendants in answering assert that:

"6. The injuries of plaintiff were not caused by reason of any negligence on the part of these defendants, it being denied that defendants were negligent, but were proximately caused by the negligence of plaintiff herself, in the following respects:

(a) She failed to exercise that degree of care for her own safety which an ordinarily prudent person would and should have exercised under the same or similar circumstances and conditions;

(b) She failed to keep and observe a lookout for approaching trains at said crossing;

(c) She approached said grade crossing in a careless and negligent manner and rode a bicycle upon the main line track of defendant Southern Railway Company in front of said defendant's eastbound freight train when said train was approaching from the west in full view and was very close to said crossing;

(d) She rode said bicycle upon the railway track of defendant Southern Railway Company without stopping, looking and listening for approaching trains, when, by stopping and looking, or by looking without stopping, she could have seen said train approaching with its headlight burning, and by listening, she could have heard the whistle of said train sounding the crossing signal, the bell ringing and the other loud noises made by a moving train, and could easily have stopped said bicycle before entering said crossing and avoided the accident;

(e) She carelessly and negligently rode the bicycle on to the railway track immediately in front of the defendant Southern Railway Company's approaching train, in such manner and at such time as to render the accident inevitable and its avoidance by the defendants impossible, notwithstanding the utmost efforts on the part of the engineer and others on the train to avoid the accident.

7. Said negligence on the part of the plaintiff was the proximate cause or one of the proximate causes of the injuries of plaintiff, and these defendants plead such negligence in bar of any recovery against them herein."

There are no allegations of any other negligence or contributory negligence of the plaintiff.

At the 29 May 1967 Session of the Superior Court of Wake County issues were submitted to and answered by the jury as follows:

"1. Was plaintiff injured and damaged by the negligence of the defendant Southern Railway Company, as alleged in the Complaint?

ANSWER: Yes.

2. Was plaintiff injured and damaged by the negligence of the defendant J. A. Beal, as alleged in the Complaint?

ANSWER: No.

3. Did plaintiff, by her own negligence, contribute to her injury as alleged in the Answer?

ANSWER: No.

4. What amount, if any, is plaintiff entitled to recover?

ANSWER: $50,000.00."

From a judgment on the verdict ordering that the plaintiff recover nothing of either of the defendants and that the costs be taxed against her, the plaintiff appealed to the Supreme Court of North Carolina. (This was prior to the existence of the Court of Appeals.) Upon hearing the appeal, the Supreme Court of North Carolina in an opinion written by Justice Higgins, and reported in *Moss v. R. R. Company*, 272 N.C. 613, 158 S.E. 2d 789, reversed and remanded the case, stating:

"The plaintiff in this case alleged and testified that bushes and weeds were permitted to grow near the track which partially obstructed her view of the approaching train. This situation increased the need for vigilence in approaching the crossing. *Parrish v. R. R.*, 221 N.C. 292, 20 S.E. 2d 299. As the train approached from the west, at 50 miles per hour, Engineer Beal was on the right (south) side of the engine. The plaintiff approached the crossing from the north. Fireman Wrenn and Denkins, defendant's General Foreman of Engineers, were on the left of the engine. According to his evidence, Denkins saw the plaintiff 'a small child, a girl, on a bicycle' approaching from the north at a time when the train was 1400 feet from the crossing. All he did was tell the Engineer to cut down on his whistle. The plaintiff alleged the Southern Railway Company was negligent 'by and through its employees' for failure to maintain a reasonable and proper and lawful lookout so as to ascertain the minor plaintiff's approach and to give due and adequate warning and take proper precautions for the child's safety.

Wrenn saw the child 'in the motion of trying to stop.' Instead of calling on the Engineer to apply the emergency brakes, he actually said nothing but relied on the notice given by Denkins 'to cut down on the whistle.'

The finding of negligence against the railroad may well have been based on the failure of an agent other than Beal to exercise due care which the little girl's safety required. The only fact the verdict established as against the plaintiff was that Engineer Beal was not guilty of negligence. The verdict exonerated only Beal. This is understandable. The first time he ever saw the little girl was at the trial of this action in the Superior Court. He was at his position on the engine which did not permit him to see her approach from his left. The other members of the train crew gave him inadequate warning.

The Court committed error in holding the answer to the second issue (exonerating Beal) also exonerated the Southern Railway Company. The cause is remanded to the Superior Court for the entry of a judgment in favor of the plaintiff for the amount of damages fixed by the jury. From the judgment, the defendant railroad will have the right to note its appeal and have the trial reviewed by the Court of Appeals. The judgment dismissing the action as to the railroad company is set aside and the cause is remanded for judgment in accordance with the verdict."

Thereafter, Judge Robert M. Martin at the February 1968 Civil Session of Superior Court of Wake County entered judgment in favor of the plaintiff and against the defendant Southern Railway Company for the sum of fifty thousand dollars, and to the signing and entry thereof, the defendant Southern Railway Company excepted and gave notice of appeal to the Court of Appeals.

*Dupree, Weaver, Horton, Cockman & Alvis by Jerry S. Alvis for plaintiff appellee.*

*William T. Joyner and Smith, Leach, Anderson & Dorsett by John H. Anderson for defendant Southern Railway Company, appellant.*

Mallard, C.J.

At the outset it should be noted that there is nothing before us with respect to the plaintiff's case against the engineer, J. A. Beal.

[1]    There appears, beginning on page 16 of the record on appeal, what is entitled, "Statement of Case on Appeal," which seems to be an introductory statement or summary of the case. In this it is as-

serted that Judge *Harry C. Martin* at the February 11, *1967* Session of Wake County Superior Court rendered the judgment appealed from herein. All the remainder of the record on appeal indicates that the hearing was before Judge *Robert M. Martin* at the February *1968* Civil Session of Wake County Superior Court and that he signed the judgment. Also, the statement appears therein that the defendant "alleged that the plaintiff was herself contributorily negligent, as set forth in the answer." From reading the appellee's brief and a motion filed in this Court by appellant to amend its answer, the question of whether defendant alleged contributory negligence on the part of the plaintiff appears now to be controverted. This contradicts the stipulation. This introductory statement or summary called "Statement of Case on Appeal" is not an essential part of the record on appeal. For what the record on appeal should contain, see Rule 19(a) of the Rules of Practice in the Court of Appeals. If this "Statement of Case on Appeal" was in the brief of appellant, it would give us no difficulty. But when counsel for appellant and appellee stipulate and agree, as appears on the last page of the *record on appeal,* "that the foregoing shall constitute the *statement of case on appeal* in this action," (meaning as we construe it that the foregoing constitutes the record on appeal), and then take different positions with respect to portions of the stipulated record on appeal, it becomes difficult to determine the true facts.

[2]   Defendant contends that its motions for nonsuit should have been allowed at the close of the evidence. In view of the summary of the evidence by Justice Higgins in the opinion of the Supreme Court in this case, as hereinabove set out, and in view of the holding herein ordering a new trial, we deem it unnecessary to recapitulate or summarize the evidence. We are of the opinion that there was ample evidence of actionable negligence, resulting in injury to plaintiff to withstand the motion for judgment as of nonsuit. *Coltrain v. R. R.,* 216 N.C. 263, 4 S.E. 2d 853.

[3]   The defendant contends, and we agree, that the court committed error in its instructions with respect to the effect of weeds and bushes upon its right of way. The court charged the jury that:

> "I instruct you that it is negligence for a railroad company to allow weeds and bushes to grow upon its right-of-way and along its track to a height which would obstruct the view of a traveler upon a roadway intersecting and crossing the railroad, so as to prevent, by the growth and height of such weeds and bushes, the view of a traveler from having a reasonable opportunity to see the approaching train. . . .

> So, as to the first issue, I charge and instruct you that if the plaintiff has fulfilled the responsibility cast upon her by the law to the extent that the evidence, by its quality and convincing power, has satisfied you by its greater weight, that at the time and place complained of the defendant Southern Railroad Company was negligent, either in that it failed to cut a growth of weeds and bushes upon its right-of-way and along its tracks, which growth obstructed the view of the plaintiff and prevented her from seeing the approaching train; or . . .

> (I)f the plaintiff has proven any of those things and proven by the greater weight of the evidence that the negligence of the defendant railroad company in any one or more of these regards not only exists, but that such negligence was one of the proximate causes of the collision, injury and damages, then it would be your duty to answer this first issue in the plaintiff's favor, and that is 'yes.' "

The error in the above instruction, which relates to the first issue, is that the jury was permitted to find the defendant negligent upon the sole basis of a finding that the defendant allowed the view at the crossing to be obstructed.

[4] A jury could find that where the view at a crossing was obstructed such would not constitute negligence if the jury should find that the railroad company gave adequate warning of the approach of the train. In *May v. R. R.*, 259 N.C. 43, 129 S.E. 2d 624, it is stated: "If obstructions made a blind crossing, they were a vital factor in determining the duty which defendants owed her as well as in determining whether intestate herself was guilty of contributory negligence in going upon the tracks. However, '(o)bstructions in themselves have never been considered negligent, . . . but if they exist, and the railroad is aware of them, it is then incumbent on the railroad to take proper precautions to protect travelers who use the crossing and to warn them of the approach of trains.' *Parrish v. R. R.*, 221 N.C. 292, 20 S.E. 2d 299; *Coltrain v. R. R.*, 216 N.C. 263, 4 S.E. 2d 853.

"Permitting such obstacles on the right of way and near the crossing would not in itself constitute actionable negligence, and independently would not give rise to a cause of action. *Childress v. Lake Erie & W. R. Co.*, 182 Ind. 251, 105 N.E. 467. The cause of action depends upon whether or not the train crew gave the warning and took the precautions which an unusually dangerous crossing required."

**[5]** The appellant contends, and we agree, that the court committed error in failing to instruct the jury that any award on account of damages which plaintiff might sustain in the future should be limited to the present cash value of such loss or damage. In this connection the court should have, but did not, instruct the jury in substance that for any future suffering or damages or decreased earning power they should decrease any award they might make for such down to its present cash value, upon the theory that a dollar to be paid now for something that will occur in the future is worth more than if paid later, and for them to award on that phase of the case, if they award anything on that phase of the case, the present cash value of any future loss they find she may sustain. *Faison v. Cribb,* 241 N.C. 303, 85 S.E. 2d 139.

**[6]** We do not decide the question whether the defendant's further answer alleges contributory negligence. The case was first tried on the assumption that such was alleged. The defendant has made a motion in this Court to be permitted to amend its answer by adding in paragraph six of the Further Answer at the end of line five and before the words "in the following respects" (R p 11) the following: "but if the defendant Southern Railway Company was negligent as alleged in the complaint, then and in that event the plaintiff was also negligent in". This amendment is allowed pursuant to the provisions of Rule 20(c) of the Rules of Practice in the Court of Appeals.

We refrain from discussing the other assignments of error since the questions presented may not arise on retrial.

New trial.

BROCK and PARKER, JJ., concur.